McQueen *v.* Babcock.

Order affirmed.

[MONROE GENERAL TERM, December 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]

------

McQueen *vs.* Babcock and others, executors, &c.

It being the duty of an assignee under an assignment to him in trust for the benefit of creditors, to take care of and protect the assigned property, he may maintain an action of trespass against any person who interferes therewith.

The bringing of such an action by the assignee, against one who assumes to take the assigned property out of his possession, is in furtherance of his duty, and hence is not an intermeddling with the property improperly, or within the sense and meaning of an injunction order prohibiting him from "intermeddling with, receiving or collecting" any of the property of the assignor.

Such an injunction is no bar to a suit against the sheriff, for taking the assigned property out of the hands of the assignee; and if suit is not brought within three years, the statute of limitations will be a good defense.

MOTION for judgment on a verdict taken, subject to the opinion of the court at general term. On the 31st day of October, 1857, Henry A. Brown assigned certain property to the plaintiff, in trust for the benefit of creditors. On the 19th of January, 1858, certain judgment creditors of Brown commenced an action in equity against Brown and the plaintiff, for the purpose of setting aside the assignment and hav-

ing the property applied upon their judgments; and on the same day an injunction order in that action was served upon the plaintiff, enjoining him "to desist and refrain from intermeddling with, receiving or collecting, any of the property of Brown, real or personal, including the property mentioned and described in the said assignment." On the 24th of February, 1858, the defendants' testator, Alexander Babcock, levied on the property of Brown, and afterwards sold it upon an execution issued to him as sheriff of Monroe county. The injunction was dissolved on the 12th of January, 1859. This action was commenced May 18, 1861, and was brought for the alleged conversion by the defendants' testator of the property so levied on by him, and claimed by the plaintiff as assignee of Brown. The only question made by the defendants arose upon the 4th defense, which was that more than three years had elapsed since the cause of action arose, and that the action arose against the defendants' executor, if at all, for acts done by him as sheriff of Monroe county. This action was tried at the Monroe circuit, in January, 1863, when a verdict was ordered for the plaintiff, subject to the opinion of this court, on a case to be made by the plaintiff.

*G. F. Danforth,* for the appellant.

*J. D. Husbands,* for the respondents.

*By the Court,* E. DARWIN SMITH, J. The simple question presented in this case is whether the plaintiff's action is barred by the statute of limitations. The defendants' testator was sheriff of Monroe county, and this action being for a liability incurred by acts done by him in his official capacity and in virtue of his office, the limitation of three years applies to it under section 92 of the code. The defense under this statute is complete, unless the time during which the injunction, issued in the action of *Adams* v. *Brown* and the plaintiff was in force is to be deducted from the time which elapsed after

the cause of action accrued, before it was commenced. Section 105 of the code is as follows: When the commencement of an action shall be stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action. The injunction order restrained the defendant, the present plaintiff, McQueen, and others "from selling, assigning, conveying, or in any way or manner disposing of or incumbering or intermeddling with, delivering, negotiating, discharging, receiving or collecting any of the property of the defendant Henry A. Brown, real or personal," including the property mentioned in a certain assignment from Brown to McQueen, therein mentioned. The sheriff seized some part of this property while it was in the possession of the plaintiff in this action, under said assignment, as the property of Brown, on the attachment against him, and sold it afterwards upon an execution issued in such attachment suit. The action is brought to recover the value of such property after the dissolution of such injunction and the termination of the suit in which it was issued. Did the injunction order restrain the commencement of an action for the recovery of such property or damages for the taking thereof? I think it did not. It clearly does not in *express terms.* No words in the injunction order restrain the commencement of a suit to recover for taking the property in question from the plaintiff's possession. He is forbidden to sell, assign, or in any way or manner to dispose of or incumber the property. These words do not forbid the commencement of a suit. If there is any such prohibition it must be embraced in the words *intermeddling with* such property. The words receiving or collecting any of such property apply to notes and accounts, or property not in possession of the plaintiff at the time of the service of the injunction. What is the meaning of the phrase *intermeddling with* such property? Webster defines the word *intermeddling* as follows: "To meddle with the affairs of others in which one has no concern; to meddle officiously;

to interpose or interfere improperly; to intermix." Intermeddling with the property referred to in the injunction order meant to meddle with it *improperly*, to do something to or with it that might affect injuriously the plaintiff's rights in that action. It was used as a more comprehensive word than any other employed to forbid such interference with the property. It did not mean that the defendant should not take care of or protect such property. One of the articles of property was a carriage. If this carriage had happened to be in the street or field, exposed to rain or other injury, certainly it would not have been intermeddling with the same, in the sense of the injunction order, to have put it under cover or in a place of safety. Suppose the lumber also seized by the defendant had been exposed to injury from any cause, it would not have been a violation of this clause of the injunction to have taken care of it. The plaintiff was a trustee of this property. It was in his possession as such trustee. The title to it was in him, as against all persons except some judgment creditors who might impeach it for fraud. It was a trespass, *prima facie*, for the defendants' testator to seize such property. Such seizure could only be justified by proof of fraud in the assignment from Brown to the plaintiff, and a lien upon such property under judgment and execution against Brown. Having accepted the assignment from Brown and entered upon the duties of assignee, and received the property in question in that capacity, it was his clear duty to protect and defend such possession and preserve the property. If he had permitted any person to remove the property from his possession he would have been liable therefor. Until a receiver had been appointed in the creditors' suit, no one but the plaintiff could protect the property from waste, conversion or destruction. As it was thus his duty as a trustee to take care of and protect and preserve such property, he could maintain an action of trespass against any person who interfered therewith. The commencement of such action would be in furtherance of his duty, and could not be in con-

tempt of the injunction order. If he had lain still and suffered such property to be taken away and it had carelessly been lost, he would have been clearly liable therefor. This seems to me to settle the question that to commence an action against a person who assumed to take such property out of his possession would not be intermeddling with such property improperly or within the sense and meaning of this injunction order. It follows that if he could commence such suit and it was his duty to do so to protect the property, the injunction order could not be construed to forbid the commencement of such action. I think it clearly did not. The right of action arose upon the taking of the property by the defendants' testator from the plaintiff's possession. Such right of action was not suspended by the injunction order, and consequently the statute of limitations is a good defense in this action. Judgment should therefore be given for the defendant upon the verdict.

[MONROE GENERAL TERM, December 7, 1863. *E. Darwin Smith, Welles* and *Johnson*, Justices.]