Dangald McQueen, Appellant, v. Sarah Babcock, Re-
spondent.

The defendant in an action has the right to serve an amended answer
within twenty days after service of the original, and to include therein
a new defense; and this without regard to the nature of the defense.

*J. Dorr*, for the appellant.

*L. H. Hovey*, for the respondent.

Grover, J.   The General Term correctly held that the
defendant had the right to serve an amended answer twenty
days after service of the original, and to include therein a
new defense. (Code, § 172; 11 How. [273] 18th ed. 274.)
This is now the settled practice of the Supreme Court.   The
idea that the defense of usury or of the statute of lim-
itations, was to be treated in this respect different from other
defenses, has been exploded.   Courts now regard all legal
defenses as entitled in this respect to the same consideration.
The question in this case was not addressed to the favor or
discretion of the court.   The defendant had a legal right to
serve the amended answer.   The only question upon the
merits is whether the time during which the injunction was
in force, should be excluded from the meaning of the statute
of limitations.   It is provided by statute that the time
during which a party shall be prevented by injunction from
commencing an action, shall not be computed.   The inquiry
is whether the injunction in the present case, restrained the
plaintiff from commencing a suit for the tortious taking of
the property in his possession, subsequent to its issue.   A peru-
sal of the injunction satisfies us that it had no such effect.   It
left the defendant at full liberty to take care of and protect
the property in his possession from all tort-feasors.   For this
purpose he was at liberty to prosecute suits against such.
The time therefore cannot be deducted, and the statute con-
stituted a defense.   The judgment should be affirmed.
   Affirmed.