## McQUEEN *v.* BABCOCK.

September, 1867.

Affirming 13 *Abb. Pr.* 268; S. C., 41 *Barb.* 337.

A defendant having a right to amend his answer of course, may set up a new defense of any kind.*

The defense of the statute of limitations is not regarded as unconscionable, but all legal defenses are now entitled to the same consideration.†

----

\* See this principle as to amendment under the Code fully recognized by this court, in its application to new causes of action, in Brown *v.* Leigh, 12 *Abb. Pr. N. S.* 193.

† And the court may permit such a defense to be set up even on an application addressed to their discretion before trial. The court should not discriminate against legal defenses. Bank of Kinderhook *v.* Gifford,

McQueen *v.* Babcock.

An injunction in a creditor's suit, restraining the defendant from disposing of or intermeddling with the property of a debtor, or in any way intermeddling with property belonging to him, whether in his possession or held in trust by any other person for his use or benefit, and from doing any act to enable his creditors to obtain his property, or any lien or charge thereon,—does not prevent the defendant from taking care of and protecting from *tortfeasors* property in his possession, and leaves him at liberty, for this purpose, to maintain actions against such *tortfeasors* to recover the property or damages for the taking of the same.

Dougald McQueen sued Alexander Babcock in the supreme court, for damages for wrongfully seizing and taking away from plaintiff's possession and converting to defendant's own use certain personal property of which plaintiff was possessed as general assignee for benefit of creditors of one Henry A. Brown.

The defendant put in an answer, containing a general denial and another defense; and, within twenty days after the service of this answer, he served an amended answer, setting up, besides the defenses contained in the original answer, the statute of limitations. Plaintiff's attorney returned the amended answer, on the ground that defendant could not set up a new defense by amendment without leave of court. Defendant moved at special term for *leave* to serve the answer if he should not be deemed *entitled* to serve it as of right.

This motion was denied, and he appealed.

*The supreme court,* on appeal at general term, held that if the question had been addressed to the discretion of the court, the decision of the motion would have been proper; but that it was not a discretionary question; but under section 172 of the Code of Procedure the defendant had a right to amend and add a new defense of whatever character. They accordingly reversed the order.

The cause was subsequently brought to trial, where the

40 *Barb.* 659, Per Peckham, J., approved in Union National Bank of Troy *v.* Bassett, 3 *Abb. Pr. N. S.* 359 ; and see Strong *v.* Dwight, 11 *Id.* 319 ; Sheldon *v.* Adams, 18 *Abb. Pr.* 405; Fielden *v.* Caselli, 16 *Abb. Pr.* 289 ; S. C., 26 *How. Pr.* 173 ; Phillips *v.* Suydam. 6 *Abb. Pr. N. S.* 289 ; S. C., 54 *Barb.* 153.

main question was as to the applicability of the statute of limitations.

It appeared that defendant was sheriff of Monroe county, and he relied upon the three years' limitation provided by section 92 of the Code of Procedure.

The plaintiff relied on the following facts to take the case out of the statute.

Henry A. Brown, the debtor of whom plaintiff was assignee, made his assignment in October, 1857. Soon afterwards, an attachment was issued at the suit of certain creditors, against the property of Brown, and was delivered to the defendant, as sheriff, for execution. Other creditors, having recovered judgment, then brought a creditors' suit against Brown and Babcock, his assignee, to set aside the assignment as fraudulent and void, and in that action they obtained an injunction against Babcock and Brown, containing a clause,—"enjoining him to desist and refrain from selling, assigning, conveying, or in any way or manner disposing of, incumbering or intermeddling with, diverting, negotiating, discharging, receiving or collecting any of the property of the defendant Henry A. Brown, real or personal, debts or demands due to him, notes, bills . . . . . whether in his possession or held by some other person . . . for his use or benefit .. . . .; and also from assigning, transferring, or in any way or manner disposing of or intermeddling with such property, &c."

This injunction was duly served on the plaintiff in this action, and it continued in force until January 4, 1857, when it was dissolved.

The wrongful seizure of the goods for which this action was brought was made in February, 1858. This action was brought more than three years after such seizure, but less than three years after the dissolution of the injunction. The court at the trial directed a verdict subject to the opinion of the court at general term.

*The supreme court*, at general term, on the application for judgment, held that the words "receiving or collecting any of such property," in the injunction, applied only to notes, accounts, &c., as property not in possession of the plaintiff at the time of the service of the injunction, and that the only prohi-

bition applicable to the bringing· of an action for conversion was the one embraced in the words, "intermeddling with such property;" and that these words did not forbid taking care of, receiving, or protecting such property. They accordingly held that the right of action was not suspended by the injunction, and therefore that the statute of limitations was a good defense.

The plaintiff appealed to this court, and by direction of the supreme court the order allowing defendant to plead the statute was incorporated in the record for review.

*John Dorr*, for plaintiff, appellant,—Cited: Spring *v.* Strauss, 3 *Bosw.* 607 ; Parker *v.* Wakeman, 10 *Paige*, 485 ; *Code*, § 105 ; Berrien *v.* Wright, 26 *Barb.* 208; 1 *R. S.* 5 ed. p. 876, § 162 ; Neale *v.* Osborne, 15 *How. Pr.* 81; Smith *v.* Consolidated Stage Co., 28 *Id.* 277 ; S. C., 18 *Abb. Pr.* 419 ; N. Y. Ice Co. *v.* N. W. Ins. Co. of Oswego, 23 *N. Y.* 357.

*W. F. Cogswell*, for the defendant, respondent,—Cited: Thompson *v.* Kessel, 30 *N. Y.* 383 ; N. Y. Ice Co. *v.* The N. W. Ins. Co., 23 *Id.* 357 ; Mason *v.* Whitely, 4 *Duer*, 611 ; Townsend *v.* Platt, 3 *Abb. Pr.* 323 ; Griffin *v.* Cohen, 8 *How. Pr.* 451 ; Spencer *v.* Tooker, 12 *Abb. Pr.* 354 ; S. C., 21 *How. Pr.* 333 ; Fielden *v.* Carelli, 26 *How. Pr.* 173 ; S. C., 16 *Abb. Pr.* 289 ; Johnson *v.* Whitlock, 13 *N. Y.* (3 *Kern.*) 344; Hunt *v.* Bloomer, *Id.* 341 ; Otis *v.* Spencer, 16 *N. Y.* 610; Titus *v.* Orvis, *Id.* 617 ; Bissel *v.* Hamlin, 20 *Id.* 519 ; Laurie *v.* Laurie, 9 *Paige*, 234; McCredie *v.* Senior, 4 *Id.* 378; Parker *v.* Wakeman, 10 *Id.* 485 ; 2 *Barb. Ch.* 593.

BY THE COURT.—GROVER, J.—The general term correctly held that the defendant had the right to serve an amended answer twenty days after service of the original, and to include therein a new defense. *Code of Pro.* § 172 ; Thompson *v.* Minford, 11 *How.* 273 ; Wyman *v.* Remond, 18 *Id.* 272. This is now the settled practice of the supreme court. The idea that the defense of usury or of the statute of limitations, was to be treated in this respect different from other defenses, has been exploded. Courts now regard all legal defenses as entitled

in this respect to the same consideration. The question in this case was not addressed to the favor or discretion of the court. The defendant had a legal right to serve the amended answer.

The only question upon the merits is whether the time during which the injunction was in force, should be excluded from the meaning of the statute of limitations. It is provided by statute that the time during which a party shall be prevented by injunction from commencing an action, shall not be computed. *Code of Pro.* § 105. The inquiry is whether the injunction in the present case restrained the plaintiff from commencing a suit for the tortious taking of the property in his possession, subsequent to its issue. A perusal of the injunction satisfies us that it had no such effect. It left the defendant at full liberty to take care of and protect the property in his possession from all tortfeasors. For this purpose he was at liberty to prosecute suits against such. The time therefore cannot be deducted, and the statute constituted a defense. The judgment should be affimed.

All the judges concurred.

Judgment affirmed, with costs.