46 423
122a 222

## ALFRED C. VAN WAGONER, APPELLANT, v. EZEKIEL TERPENNING, RESPONDENT.

*An injunction restraining a person from disposing of or interfering with personal property, does not prevent him from bringing an action for its conversion, so as to stop the running of the statute of limitations.*

This action was commenced in January, 1883, to recover certain articles of personal property belonging to the plaintiff which were in the possession of the defendant, who was alleged to have wrongfully seized them in March, 1875, a demand having been made in April or May, 1875, and another just before this action was commenced. To avoid the defense of the statute of limitations the plaintiff proved that his wife brought an action for separation, in which an injunction was served, in June, 1874, restraining him from disposing of, or in any manner interfering with, her personal property and the personal property now in question; and that this injunction continued in force until April, 1881, when the action was dismissed and the injunction was dissolved.

*Held,* that the injunction order did not forbid the plaintiff to bring an action against the defendant, or any one else who had taken and converted the personal property, and that the running of the statute of limitations was not suspended during the time he was enjoined.

*McQueen* v. *Babcock* (41 Barb., 337) followed; *Fincke* v. *Funke* (25 Hun, 616) distinguished.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*A. T. Clearwater,* for the appellant.

*F. L. Westbrook,* for the respondent.

LEARNED, P. J. :

This is an action for the recovery of personal property. The plaintiff was, in March, 1875, living on certain premises, where these articles of personal property and some others were, all belonging to him. On that day he was evicted from the premises by the defendant, under a writ of assistance issued after a judgment and sale in foreclosure, and defendant, the purchaser, was put in possession ; and on the same day the sheriff, by virtue of an execution issued to collect the deficiency on said judgment, levied on this personal property and sold some of it. The plaintiff claims that when he was evicted the defendant took possession of the personal property not sold by the sheriff, and has remained in possession

since.  This action was commenced in January, 1883, a demand having been made just previously.  A demand had also been made, as found by the referee, in April or May, 1875.  In 1874 the wife of plaintiff brought an action for separation.  In that action she obtained an injunction, served June, 1874, restraining plaintiff from disposing of or in any manner interfering with her personal property.  The personal property now in question was within that injunction.  In 1877 the plaintiff brought an action against his wife for divorce, and obtained judgment in his favor.  Subsequently, and in April, 1881, the said action for separation brought by the wife was dismissed and the injunction granted therein was dissolved.  In this present action the referee found that the action was not commenced within six years, and dismissed the complaint.  The plaintiff appeals and insists that the statute of limitation did not run during the time when he was enjoined.

The first question must be, whether the injunction order forbade plaintiff to bring an action against the defendant or any one else who had taken and converted the personal property.  We think not.  The object of the injunction was to preserve the property and to prevent the present plaintiff from destroying and disposing of it to the injury of his wife.  If it were wrongfully taken out of his possession by some person other than his wife, it would seem not to have been a violation of the injunction for him to recover it; and certainly it would not have violated the injunction for him to bring an action for damages.  This question was decided in *McQueen* v. *Babcock* (41 Barb., 337).  An injunction restrained McQueen, among other things, from intermeddling with, receiving or collecting property of one Brown.  The sheriff seized some of the property.  This action was brought to recover the value; and the question was, whether the injunction had restrained the bringing of such an action.  The court held that it did not.  They said that the injunction forbidding intermeddling did not mean that the enjoined party should not protect the property, and that to commence an action against the person who took away the property was not within the sense and meaning of the injunction.  It is true that McQueen, in that case, was a general assignee of Brown, and hence he was a trustee for creditors; but what he was in duty bound to do, as trustee, he could lawfully do if the property were his own.

The case of *Fincke* v. *Funke* (25 Hun, 616) is different. There Fincke, the plaintiff, had been enjoined at the suit of the administrator of his deceased partner from "interfering with or *collecting* any of the assets or property of his firm." It was held that to bring an action on a debt owing that firm would have been a violation of the injunction. The distinction is obvious. The property of the firm included this debt due to them. To bring an action thereon would be an interference with the property, if not a collecting of it. In the present case the action for conversion was not the property as to which the court had enjoined this plaintiff. The court had forbidden his interference with certain chattels; but his right of action against the defendant was not one of these chattels, and there was no injunction in respect thereto. That right of action did not exist when the injunction was served. Nor do we see, in principle, how an action like the present could have violated or injured any of the rights of the wife under her injunction. Even if the property in question were hers, such an action would do her no harm; and if the property had been taken away and converted by some third party, it would have been lost to her, except by such an action as this, or by some other action. This question of the statute of limitations is the only one presented on the appeal. The view we take renders it unnecessary to inquire as to the effect, under section 406, of an injunction obtained by a third party. (*Wilkinson* v. *First National Fire Insurance Co.*, 72 N. Y., 499.)

The judgment should be affirmed, with costs.

LANDON and WILLIAMS, JJ., concurred.

· Judgment affirmed, with costs.