ALFRED C. VAN WAGONEN, Appellant, *v.* EZEKIEL TERPEN-
NING, Respondent.

An injunction order will not be construed to restrain acts beneficial, or not injurious to the rights of the party in whose behalf it was obtained, unless its words clearly have that import or effect.

A party enjoined from interfering with or disposing of property in his possession cannot, without violation of such mandate, consent or voluntarily permit it to be taken, by one having no right to do so, from his custody, and any attempt he may make in good faith to reclaim possession of the property when taken from him without his consent, or to protect his legal right as owner or bailee, will not be an interference with it prohibited by such injunction.

In an action for conversion, it appeared that the alleged cause of action accrued in 1875; prior thereto a temporary injunction, issued in an action brought by another claiming the property, had been served upon plaintiff, which enjoined him from disposing of or in any manner interfering with the same. The injunction was dissolved in April, 1881, and this action was commenced in January, 1883. *Held*, that the action was barred by the Statute of Limitations; that the injunction did not operate to stay the commencement of the action, as it did not deny to plaintiff the right to protect his possession of the property against the acts of others, and so, it did not, under the Code of Civil Procedure (§ 406), suspend the operation of the statute.

*Fincke* v. *Funke* (25 Hun, 616); *Stubbs* v. *Ripley* (39 id. 626); *McQueen* v. *Babcock* (41 Barb. 337; 3 Keyes, 428; 3 Abb. Ct. App. Dec. 129), distinguished.

Reported below, 46 Hun, 423.

(Argued June 24, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 1, 1887, which affirmed a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. T. Clearwater* for appellant. The only question presented for the consideration of the court is, did the injunction order suspend the operation of the Statute of Limitations? If not the plaintiff must fail, otherwise the judgment must be reversed. (Code Civ. Pro. § 105; *Fincke* v. *Funcke*, 25 Hun, 616; *Lansing* v. *Easton*, 7 Paige, 364; *Pulteney* v. *Warren*, 6 Ves. 72; 72 N. Y. 499.) The referee has found that the plaintiff demanded the goods from the defendant in April or May, 1875. The facts do not justify this conclusion. Assuming for the argument that the plaintiff intended to make a demand at that time, his right to do so was suspended by the injunction, which was served in June, 1874, and not vacated until long afterward, in 1881. What the plaintiff did, therefore, was unavailing. (Code Civ. Pro. § 410; *Dickinson* v. *City of New York*, 92 N. Y. 584; *Fisher* v. *Mayor, etc.*, 67 id. 73.)

*F. L. Westbrook* for respondent. The action is barred by the statute, as it affirmatively appears that nearly eight years passed between the accruing of cause of action and suit brought; besides it is incumbent on plaintiff when statute is plead to prove a cause of action and suit brought for it within the statute time. (2 Greenl. on Ev. § 431; *Porter* v. *Kimball*, 3 Lans. 332; *Barker* v. *Millard*, 16 Wend. 572; Wood on Lim. of Actions, 484, § 243; Id. § 252; 7 Wait's Act. & Def. 286; *Wilkinson* v. *Ins. Co.*, 9 Hun, 525; 72 N. Y. 499; *Terrell* v. *Ingersoll*, 10 Lea, 78, 85; *Mowrer* v. *State*, 107 Ind. 539, 542; *Behrens* v. *McKenzie*, 23 Ia. 333, 341; *Sacia* v. *DeGraff*, 1 Cow. 356; *Bucklin* v. *Ford*, 5 Barb. 393; *Jenney* v. *Wilcox*, 9 Allen, 246; *Wells* v. *Child*, 12 id. 333, 335; *Bank* v. *Waterman*, 26 Conn. 329; *McLauren* v. *Babcock*, 41 Barb. 337; *Van Wagonen* v. *Terpenning*, 46 Hun, 423; 3 Abb. Ct. App. Dec. 129, 133.) The contention of the plaintiff that defendant was a trustee of the property and, therefore, the statute has no application and did not run against the claim, is untenable. (*Wood* v. *Suprs.*, 18 N. Y. S. R. 671, 680; *Burt* v. *Meyers*, 37 Hun, 281; *Lammer* v. *Stoddard*, 103 N. Y. 673; *Mills* v. *Mills*, 115 id. 86.) In order to found an objection upon the omission of the referee to find one way or the other upon a particular issue of fact he should be specifically requested to do so and due exception taken to his refusal. (*Meacham* v. *Burke*, 54 N. Y. 217, 219; *Porter* v. *Smith*, 107 id. 533; *Hagg* v. *Shank*, 23 N. Y. S. R. 312; *Grant* v. *Morse*, 22 N. Y. 323; *Hubbell* v. *Medbury*, 53 id. 98, 103; *Taylor* v. *Guest*, 58 id. 265, 266; *Waugh* v. *Bank*, 115 id. 47; *Day* v. *Town of New Lots*, 107 id. 157.) The case made by appellant and presented here does not contain a statement that all the evidence given upon the trial is set forth in it; and, therefore, the appellate court will not review any of the questions of fact, but will assume that the referee has made proper findings. (*Porter* v. *Smith*, 107 N. Y. 531; *Patterson* v. *Robinson*, 116 id. 198; *Baldwin* v. *Doying*, 114 id. 455; *Valentine* v. *Conner*, 40 id. 248; *Smith* v. *Coe*, 29 id. 670.) The cause of action, if any there was, having accrued in 1875, it is of no consequence

whether or not another demand was made in 1883, nearly eight years afterward. (*Kelsey* v. *Griswold*, 6 Barb. 443 ; *Vrets* v. *Bank of Troy*, 31 Hun, 490 ; *Bruce* v. *Tilson*, 25 N. Y. 194 ; *Gauley* v. *Bank*, 98 id. 493, 494.)

BRADLEY, J. This action was commenced in January, 1883, to recover for the alleged conversion by the defendant of a quantity of personal property. The finding of the referee that the alleged cause of action accrued in April or May, 1875, was warranted by the evidence, and his conclusion that the plaintiff was not entitled to recover must be sustained unless the operation of the Statute of Limitations, in its application to the plaintiff's cause of action, was suspended for some and sufficient time to relieve it from that defense. And that is dependent upon the effect of a temporary injunction order made and served upon the plaintiff in June, 1874, in an action brought by Margaret VanWagonen, the wife of the plaintiff, against him for a separation, and by which he was enjoined from disposing of or in any manner interfering with her personal property ; and the property mentioned in the complaint in this action was within the restraining terms of the injunction. The property was then upon premises the legal title to which was in the plaintiff's wife, and upon which the defendant had a mortgage made by her and her husband. The mortgage was foreclosed and the premises purchased by the defendant on sale pursuant to the decree of foreclosure. By virtue of a writ of assistance in March, 1875, the plaintiff was removed from the premises, and the defendant entered into the possession of them. The property in question was then there. The complaint in the wife's action was dismissed, and the injunction dissolved in April, 1881. The inquiry is whether until then, the commencement of an action against the defendant for the cause herein alleged, was stayed within the meaning of the statute, which provided that " When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition shall not be part of the time limited

for the commencement of the action." (Code, § 105.) The present Code is substantially the same. (§ 406.) It must, for the purposes of this review, be assumed that the plaintiff had such possession of or proprietary right in the personal property mentioned in the complaint, as to enable him to maintain an action against the defendant for the alleged conversion, which arose shortly after the defendant went into the possession of the realty upon which it then was. The interference with the property by the plaintiff enjoined by the injunction was that which might result to. the prejudice of his wife. The protection of it against the acts of others was not denied to him by it. His right was to retain the possession of it, and to use such means as he might deem necessary to maintain it, and to take care of or preserve the property. If taken from him without right or authority he might maintain an action to recover it. The injunction in terms did not restrain him from bringing an action having relation to the property, and his mere act of doing so to recover for its conversion would not constitute any interference with it, nor would the recovery of a judgment have that effect, although the payment or collection of the judgment would operate to transfer the property to. the party against whom such recovery was had.. The commencement of the action would, therefore, have been one step on the way toward the consummation of that which might in law operate as a disposition of the property. But at the same time it would be done by way of protection of the interest of the owner against the unlawful interference with it by a stranger to any right in the property, and so far it would be consistent with the interest of the party at whose instance the injunction was granted. And if such party could not be prejudiced by it, the defendant was not restrained any further than the injunction, as reasonably interpreted, by its terms enjoined his action. (*Parker* v. *Wakeman,* 10 Paige, 485 ; *Hudson* v. *Plets,* 11 id. 180.) The defendant was a stranger to the injunction and entitled to the benefit of the Statute of Limitations as a defense, unless the plaintiff was by it denied,

during its continuance, the right within the meaning of the statute before mentioned to commence the action. And in such case, as was said by Judge ANDREWS in *Wilkinson* v. *First National Fire Ins. Co.* (72 N. Y. 499), an injunction order will not be construed to restrain acts not injurious to the rights of the party in whose behalf it is obtained, and much less those which are beneficial to him, unless the words clearly have that import or effect. · A party enjoined from interfering with or disposing of property in his possession, could not, without violation of such mandate, consent or voluntarily permit it to be taken, by one having no right to do so, from his custody; and, on the other hand, any attempt he might make in good faith to reclaim the possession of the property, or to protect his legal right as owner or bailee, would not be the interference with it, prohibited by such injunction. In the present case the property was in the possession of the plaintiff, and during the pendency of the injunction it was, as must here be assumed, wrongfully appropriated by the defendant to his own use, in violation of the rights of the plaintiff, whether as owner or bailee is not important. The latter was at liberty to assert his right to maintain such relation, as against the defendant, to the property and seek by action, so far as practicable, to enforce it; and for the purpose of restoration of its equivalent, may have resorted to an action of trespass or in trover. This is one of the rights incident to the custody of a bailee as long as the right of custody continues, and is entirely consistent with those of the bailor during that time; and it may be exercised by the former to render the bailment effectual for the protection of the beneficial owner. The plaintiff was not, by the terms of the injunction, enjoined from doing this for the benefit of the one, either himself or his wife, who was in fact the owner of the property.

The case is distinguishable in principle from those cited by the plaintiff's counsel. In *Fincke* v. *Funke* (25 Hun, 616), the cause for which the action was brought did not arise from any wrongful act of the defendant during the continuance of the injunction, in violation of any right of the plaintiff, or

which the latter was at liberty to challenge; but that actio
was brought to recover a debt due the firm, of which th
plaintiff was survivor, while he was subject to an injunctio
restraining him from "interfering with or collecting any o
the assets or property of his firm." And in *Stubbs* v. *Ripl*
(39 Hun, 626), the same may preliminarily be said. Ther
the injunction enjoined the plaintiffs to refrain from convey
ing, incumbering, or in any manner interfering with or dis
posing of certain real estate; and during its operation, th
action was brought for the alleged purpose of settling th
rights of the parties to it in a portion of such real estate, an
to obtain an accounting of the rents and profits, the determina
tion of which action as there held, would have resulted in
definite disposition of the rents and profits of the property
and may to that extent have defeated somewhat the beneficia
purpose of the action in which the injunction order was made
It may be observed that in both of those cases the situatio
existing when the restraint was created, remained unchanged
and the purpose of the actions was, and the effect of thei
prosecution to determination would have been, a substantia
disturbance of such situation, and, therefore, an interferenc
with it, while in the present case, the cause of action arose ou
of the violation of the right of the plaintiff while the injunc
tion was operative, and the action would, if then brought a
now, apparently have been for the protection of the rights o
the person beneficially concerned and in aid of the purpose o
the injunction rather than otherwise.

It was so held in *McQueen* v. *Babcock* (41 Barb. 337; 3 Keyes.
428; 3 Abb. Ct. App. Dec. 129), and the distinction between
that case and this one is, that there the plaintiff was an assignee
for the benefit of creditors of his assignor. His relation was
that of trustee, and the action was brought to protect the rights
of any parties who should eventually be entitled to the prop-
erty wrongfully taken from his custody. The injunction
operated on him there as it did on the plaintiff here, and the
purpose of it in both actions was the same. The custody of
the plaintiffs in both actions must be deemed to have been

Statement of case.

qually lawful, and recognized as such until determined to ave been otherwise. The purpose of the action in which the njunction in that case was obtained, was to set aside the assign-ent, and it was upon the theory that the plaintiff there, as gainst the creditors prosecuting it, was not trustee by reason f the invalidity for fraud of the trust, which the assignor ought to create. And the reason which existed for the con-truction and effect given to the injunction there, is applicable o the one under consideration. These views lead to the con-lusion that the commencement of the action was not stayed by the injunction, and that as the consequence, in view of the fact found by the referee, the plaintiff's right of action against he defendant was barred by the Statute of Limitations at the ime it was commenced.

The judgment should be affirmed.

All concur.

Judgment affirmed.