WILLIAM J. BEST, AS RECEIVER OF THE NATIONAL TRUST COMPANY OF THE CITY OF NEW YORK, APPELLANT, *v.* THE DAVIS SEWING MACHINE COMPANY, OF WATERTOWN, NEW YORK, AND OTHERS, RESPONDENTS.

*Statute of limitations — exceptions, which prevent its running — a judgment is not such an exception — Code of Civil Procedure, sec. 406.*

In 1874 the Davis Sewing Machine Company, of Watertown, N. Y., issued ten promissory notes, due and payable in 1876, with coupons attached. These notes were among the assets of the National Trust Company of the City of New York, of which William J. Best was appointed receiver in 1877, having been pledged to the Trust Company as collateral for a loan. The Davis Sewing Machine Company brought an action to recover them of the receiver, and in July, 1878, obtained a judgment that the receiver had no title to them. The judgment was reversed in 1883 by the General Term and a new trial was ordered. Upon the new trial the receiver, in May, 1884, succeeded as to three of the notes in dispute.

About this latter date the receiver brought suit upon the three notes, to which he was so adjudged to have title, and in such suit the defense of the statute of limitations was interposed by the Davis Sewing Machine Company.

*Held,* that, notwithstanding section 406 of the Code of Civil Procedure, providing that " where the commencement of an action has been stayed by injunction, or by other order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action," the defense was good.

That a person seeking to take advantage of said section must bring himself strictly within its terms.

That, although from 1878 to 1883 there was a valid judgment denying the right of Best, as receiver, to the notes, yet a judgment was not one of the matters which, under section 406, prevented the statute of limitations from running.

APPEAL by the plaintiff William J. Best, as receiver of the National Trust Company of the City of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 20th day of November, 1891, after a trial at the New York Circuit before the court and a jury, at which a verdict was directed for the defendants; also an appeal from an order of said court, dated October 16, 1891, denying a motion for a new trial made upon the grounds stated in section 999 of the Code of Civil Procedure.

The promissory notes to recover the amount, of which the action was brought, were dated in 1874, and, it was conceded on the trial, had not the corporate seal of the company attached.

*Delos McCurdy,* for the appellant.

*John D. Kernan,* for the respondents.

PER CURIAM:

In December, 1877, the National Trust Company of New York became insolvent and the plaintiff was appointed receiver of its property. Final judgment of dissolution was entered in April, 1879, under which the plaintiff was continued as receiver. Among the assets which came into his hands were ten bonds purporting to be made by the Davis Sewing Machine Company for the sum of $1,000 each, which by their terms were due on November 1, 1876. These bonds, it would appear, had been pledged with the Trust Company as collateral for a loan to the Security Bank of Watertown, which remained unpaid at the time the receiver was appointed. In February, 1878, the Davis Sewing Machine Company (by leave of this court) brought against the receiver an action of replevin for the

bonds, demanding judgment for their possession and damages for their detention. The answer of the receiver claimed a lien thereon for the unpaid balance of the loan for which they were pledged as security. A trial was had upon the issue thus raised in July, 1878, which resulted in favor of the sewing machine company awarding them possession and adjudging that the receiver had no title to or right to the possession of the bonds. This judgment was by the General Term reversed on October 19, 1883, and a new trial ordered. In May, 1884, the re-trial was had, which resulted in a judgment in favor of the receiver, awarding him possession of the three bonds which are the subject of the present suit. From this judgment an appeal was taken to both the General Term and the Court of Appeals, and the right of the receiver to the possession of the three bonds was finally affirmed.

This suit was commenced as to some of the defendants in March, and as to others in April, 1884. It will be noticed that from July, 1878, to October, 1883, there was a valid outstanding judgment against the receiver, denying his ownership or right to the possession of these bonds, and awarding their possession to defendant. It is conceded that, if during this period, while the judgment was outstanding, the running of the statute of limitations was not suspended, then the statute is a bar to the action; for the obligation being promissory notes, and not sealed instruments, the six years statute of limitations applies.

The Code provides (§ 406): "Where the commencement of an action has been stayed by injunction, or by other order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action."

Although there is much force in the argument of appellant that "the effect of the action of replevin and the judgment therein against the receiver was more potent than an injunction or other order of the court, for it not only barred his remedy on the obligations, but judicially denied his right to their possession," it must be conceded that the judgment is not one of the exceptions provided by the Code preventing the running of the statute.

The question, therefore, is presented, whether there is any ground other than the exceptions provided by statute, which will suspend

the running of the statute of limitations after it has once commenced to run.

We agree with the view expressed by the learned judge below, "that the rule is well settled that a party who seeks to avoid the statute, notwithstanding the lapse of the prescribed period, must bring himself expressly within some of the exceptions specified in the Code."

In the case of *McQueen* v. *Babcock* (41 Barb., 337) it was decided that a right of action not expressly stayed or prevented by an injunction must be prosecuted within the prescribed period or it is barred. In the case of *Sanford* v. *Sanford* (62 N. Y., 553) the debtor was declared a lunatic and had no committee who could be served. Although the argument was there made that for this reason the statute did not run, the court held that there was no provision for an exception in such a case. We think that the authority of this case and an examination of the earlier cases will show that the statute when once it commenced to run was not suspended except pursuant to some other express provision of law; and it was to abate the rigor of this rule that caused the enactment of section 406 of the Code.

The following opinion was delivered by the trial court:

BARRETT, J.:

The six years' statute of limitations plainly governs, as the obligations in question are not sealed instruments. This action was not commenced within six years from the maturity of such obligations, and, consequently, the plea of the statute must avail unless the commencement of the action was stayed by injunction or other order of a court or judge, or by a statutory prohibition. (Code, § 406.) There was here no injunction or statutory prohibition, but it is contended that there was what amounted to "an order of a court or judge" restraining the commencement of the action. It seems that the defendant, the maker of these obligations, brought replevin therefor against the plaintiff and recovered a judgment for their possession, which judgment was subsequently reversed, and on a new trial judgment was given for the plaintiff that he was entitled to retain the instruments. The plaintiff's present contention is that the statute did not run, while the judgment in the defendants' favor

with regard to the right of possession remained in force. This contention, in my judgment, cannot be sustained. The possessory judgment did not stay the commencement of an action on the obligations. It is true that it might have been pleaded against the plaintiff's right to recover, but that involved no prohibition of the action. The defense would not have been the judgment itself, but the plaintiff's want of ownership, as to which the judgment was *res adjudicata.* While the judgment remained unreversed, therefore, it was simply conclusive evidence in support of a single defense to an action on the obligations. And, though in a general sense conclusive, it could have been rebutted by the proof of fraud or want of jurisdiction. But, even if the judgment were thus conclusive and could not have been rebutted, still it did not work any practical inconvenience; for, if pleaded to a complaint on the obligations, the court would, undoubtedly, have stayed the trial until the determination of the appeal. The rule is well settled that a party who seeks to avoid the statute, notwithstanding the lapse of the prescribed period, must bring himself expressly within some of the exceptions specified in the Code. (*Sanford* v. *Sanford,* 62 N. Y., 552.) He does not do this merely by showing the existence, for a specified period, of a valid defense to his claim. He must show that he was actually restrained from bringing his action, not that such action, because of some particular incident, would probably have been unsuccessful.

The plaintiff here was not only free at all times to bring an independent action upon these obligations, but I think he might have set up his present demand by way of counter-claim in the possessory action. The maker of the obligations was there, the plaintiff, and the subject-matter of that action was the ownership of the instruments. Such ownership was a prerequisite to recover upon the obligations, and the plaintiff's present claim was, therefore, connected with the subject of the possessory action. If the situation were reversed, there would be no doubt of the defendants' right in the present action to set up, by way of counter-claim, its ownership of the instruments and to demand as affirmative relief that the plaintiff deliver them up. The ownership of the instruments is, in effect, the subject of both actions. It is the foundation of one and the gist of the other. Why could not the present plaintiff have

said to the plaintiff in the possessory action, "You are not the owner of these obligations, but I am, and as I am such owner, and as the obligations are due, I demand as a fitting incident to my claim of ownership, if successful, that you pay such obligations?" It would seem to be as reasonable and as harmonious with the Code (§ 501, sub. 1), to permit a complete determination of the substantial controversy in this manner, as to permit an equitable counter-claim in an action upon the obligations, praying that the owner-ship be determined and that the instruments be delivered to the defendant.

A verdict must, therefore, be directed in favor of the defendants. Each group of defendants appearing by separate attorneys is entitled to costs. Thus there will be three bills taxed, but under the circum-stances I shall grant no extra allowance.

In view of the clear and satisfactory opinion of the learned judge below, it is unnecessary for us to do more than adopt his reasoning and concur in the result reached by him. We are, therefore, of opinion that the judgment appealed from should be affirmed, with costs.

Present — Van Brunt, P. J., O'Brien and Patterson, JJ.

Judgment affirmed, with costs.