### MAINE PRODUCT CO. v. ALEXANDER.

(Supreme Court, Appellate Division, First Department.   October 19, 1906.)

INJUNCTION—RESTRAINING TRANSFER OF STOCK—SCOPE OF ORDER.

> In an action by a corporation to set aside a transfer by it of its stock, and secure a retransfer of it to plaintiff, an injunction restraining defendant from voting on or exercising any rights incident to ownership of the stock is not authorized, as all that was necessary was that the stock be retained so that it could be delivered, if the court so directed.

Appeal from Special Term, New York County.

Suit by the Maine Product Company against Alexander Alexander. From an order granting an injunction, defendant appeals.   Modified.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward A. Alexander, for appellant.

Lewis H. Freedman, for respondent.

INGRAHAM, J.   The order appealed from enjoins the defendant during the pendency of the action "from assigning, transferring, hypothecating, or in any manner disposing of or voting the 900 shares of the common stock of the plaintiff now standing in his name on the books of the plaintiff, and from making any transfer thereof on the books of the plaintiff, or otherwise, except to the plaintiff, and from exercising any rights arising from or incident to the ownership by him of the said 900 shares of the common stock of the plaintiff."

I think the court below was justified in enjoining the defendant from transferring or disposing of the stock pending determination of the action, and to that extent the order appealed from should be affirmed.   I cannot see, however, any justification for the provision which requires this defendant to abstain from voting upon, or from exercising any rights arising from or incident to the ownership by him of, the said shares of stock.   The action being brought to set aside the transfer of stock, and to secure a retransfer of it to the plaintiff, the court was justified in restraining any act which would render a judgment for the plaintiff ineffectual.   But to enjoin the defendant from exercising any act of ownership of the stock was not at all necessary for the protection of the plaintiff; as all that it could require was that the stock be retained in such position that it could be delivered up if the court so directed.   Upon the record the defendant is the owner of the stock, the plaintiff having transferred it to him in pursuance of a contract.   The plaintiff claims that the contract was void, because induced by fraud; but this fraud is specifically denied by the defendant, and certainly, until it is determined that the defendant was guilty of fraud, the plaintiff was only entitled to such relief as will prevent the defendant from doing anything with the stock that would make the judgment ineffectual.

The order appealed from should therefore be modified by striking out the provision by which the defendant is restrained from voting on or exercising any rights arising from or incident to the ownership of the stock, and, as so modified, affirmed, without costs.   All concur.