MAINE PRODUCTS CO. v. ALEXANDER.

(Supreme Court, Appellate Division, First Department.  November 23, 1906.)

1. INJUNCTION—CONTEMPT—VIOLATION OF ORDER—PROOF.

A corporation, in a suit to rescind a contract under which its stock had been issued to a stockholder, obtained an order restraining the stockholder from disposing of the stock, or from exercising any right incident to his ownership thereof pending the action.  The stockholder subsequently sued in another state as a minority stockholder to compel the directors of the corporation to transfer to it certain real estate.  *Held*, that a judgment adjudging the stockholder guilty of contempt for violating the order, in the absence of proof that his action was predicated on the same

stock as that held by him at the time of the entry of the order, was erroneous.

**2. SAME.**

An order restraining a stockholder from disposing of his shares of corporate stock, and from exercising any right incident to the ownership thereof pending an action by the corporation to rescind the contract under which the stock was issued to him, is not violated by the stockholder subsequently suing as a minority stockholder in another state to compel the directors of the corporation to transfer to it real estate situate in that state; the purpose of the order being merely to retain the stock in the same condition during the pendency of the action, to the end that, if the corporation recovers, the stock can be redelivered to it.

Appeal from Special Term, New York County.

Action by the Maine Products Company against Alexander Alexander. From an order adjudging defendant guilty of contempt for violating an injunctional order, he appeals. Reversed.

See 100 N. Y. Supp. 709.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, and CLARKE, JJ.

Jerome H. Buck, for appellant.

Lewis H. Freedman, for respondent.

McLAUGHLIN, J. This action is brought to rescind, on the ground of fraud, two contracts under which certain stock of the plaintiff was issued to the defendant. After the action had been commenced, the plaintiff, upon notice, obtained an order enjoining and restraining the defendant, during the pendency of the action, "from transferring, assigning, hypothecating, or in any manner disposing of or voting upon the 900 shares of the common stock of the plaintiff now standing in his name upon the books of the plaintiff, and from making any transfer thereof, on the books of the plaintiff or otherwise, except to the plaintiff, and from exercising any rights arising from or incident to the ownership by him of the said 900 shares of the common stock of the plaintiff." An appeal from this order was taken to the Appellate Division, and while the same was pending the defendant and the National Gum & Mica Company, a domestic corporation, commenced an action in the state of Connecticut, on behalf of themselves and other minority stockholders of the plaintiff who might come in and make themselves parties to the action and contribute to the expenses thereof, to compel three directors of the plaintiff to transfer to it certain real estate situate in that state, which it was alleged they had purchased for and on behalf of the plaintiff, and fraudulently retained for their personal use and benefit, to its injury. As soon as that action was commenced, and before any appearance had been made therein by the defendants, the plaintiff in this action made a motion to have the defendant adjudged guilty of contempt, upon the ground that he had violated the order above referred to by the commencement of the Connecticut action. The motion was granted, and the order directed that he might purge himself of his contempt by causing the Connecticut action to be discontinued, without costs, within 10 days, and by paying to the plaintiff $287.09, expenses for services of counsel retained in its

behalf and the reasonable expenses of the motion to punish for contempt; and from this order defendant has appealed.

I am of the opinion that the order should be reversed, and the motion to adjudge the defendant guilty of contempt denied. The record before us does not clearly show that the Connecticut action was predicated upon the same shares of stock as those held by the defendant at the time the order which he has been held guilty of contempt in violating was made, and for that reason the order appealed from might be reversed. However, it is unnecessary to place the decision upon that ground. The purpose of the order which the defendant has been adjudged guilty of violating is to retain the stock, held by the defendant and referred to in the order, in the same condition, during the pendency of the action, that it then was, to the end that, if the plaintiff recover a judgment, the stock can be redelivered to it; in other words, the judgment carried out. The words not only permit such a construction, but it is the only one which would not work an injustice to the defendant, and it would amply protect the rights of the plaintiff. The commencement of the action in Connecticut could in no way affect the question as to the right to the stock, or have any effect, other than enhance its value, if the plaintiff succeeded, which would be to this plaintiff's advantage.

An order will not be construed to restrain acts beneficial, or not injurious, to the rights of the party in whose behalf it was obtained, unless its words clearly have that import and effect, and there are no such words in this order. Van Wagonen v. Terpenning, 122 N. Y. 222, 25 N. E. 254; Wilkinson v. First Nat. Fire Ins. Co., 72 N. Y. 499, 28 Am. Rep. 166. In the complaint in the Connecticut action no relief is asked against this plaintiff, nor can any judgment be rendered against it. On the contrary, the judgment prayed for is for its benefit, and therefore the commencement of that action did not prejudice its rights, nor was it calculated to defeat, impair, hinder, or injure any of the plaintiff's remedies in any way. It could just as well be said that the defendant violated the order, if he sought as a stockholder to reclaim property of the corporation from a thief, or to protect its property, which was being destroyed, as it can here, because he has instituted an action to compel persons to transfer to the corporation property which they wrongfully withhold.

For these reasons, I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.