Joseph A. Suozzi, J.
In this action tried by the court the plaintiffs pray for judgment: (1) “ annulling and setting aside ” certain acts of the defendants referred to in paragraph “ Seventh” of the complaint; (2) appointing a receiver “to conduct the affairs of the corporation”; (3) restraining the defendants from concluding a sale of real estate; and (4) for money damages.
This action is not an action pursuant to the General Corporation Law. The plaintiffs, as individuals, charge that the individual defendants violated a stockholders’ agreement dated May 28,1958; denied plaintiffs access to the books and property of the corporation; refused an accounting; and wasted the corporate assets.
The evidence reveals that a stockholders’ agreement was entered into between the plaintiffs and the defendants, Arthur and Judith Donow, on May 28, 1958. By this agreement (Exhibit A) the parties as sole owners of the stock of the corporate defendant agreed inter alia: not to transfer stock without the consent of all parties; to the disposition in a particular manner of the stock of any party who died; to the duration of the agreement for a 10-year period with a right to renew; to pay equal sums to the corporation; to restrict the transfer of any stock in accordance with the terms of the agreement; to vote for each other as directors and officers “ at any and all meetings ’ ’; that Arthur Donow should be the managing executive of the corporation; to the operation of a swimming pool on the premises owned by the corporation. The corporation by its officers also signed Exhibit A.
Another agreement dated June 30, 1958 was made between the plaintiffs and the defendant Cele Weiss. This agreement is referred to in the complaint as Exhibit B. Arthur and Judith Donow expressly consented to said agreement.
By Exhibit B, which appeared to be for the sale and repurchase of stock, the defendant Weiss agreed to be “bound by *408 all of the terms and conditions of said stockholders agreement [Exhibit A] as if her name were set forth therein ”. Mr. Justice Hill, by judgment dated November 6, 1960, declared the agreement of Exhibit B to be usurious and void in another action between the parties to said agreement. An appeal is pending from that judgment. No stay of this action was sought by the defendants, and therefore without further discussion the court adopts the finding made by Mr. Justice Hill with respect to said agreement.
The court finds that, contrary to the provisions of Exhibit A, on or about November 9, 1959 the defendant Cele Weiss was elected a director of the corporation; that certain resolutions were adopted and thereafter acts were committed excluding the' plaintiffs from the books, records and property of the corporation. In particular, with the co-operation of the new “ director”, the defendants Arthur and Judith Donow agreed to purchase land owned by their son Herbert and to pay for the same with newly issued stock.
Since Mr. Justice Hill found that the agreement evidenced by Exhibit B was usurious and void, the effect of said decision is that Cele Weiss was not entitled to exercise any of the rights of ownership. Section 373 of the General Business Law provides that usurious transactions are ‘ ‘ void ’ ’. Unlike the voidable act referred to in Maine Prod. Co. v. Alexander (115 App. Div. 112) a “void” act is one which has no effect — is a nullity ab imtio. ‘ ‘ An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a simulacrum only. It is without leg*al efficacy. It cannot obligate a party or support a right ” (Sabine v. Paine, 223 N. Y. 401, 404). It is also written in the Sabine case (supra, p. 405): “ The statute is peremptory and unequivocal in enacting that an usurious obligation is absolutely void.” Therefore, since the agreement was not only void but the defendants Arthur and Judith Donow as signatories of the agreement were aware of its contents, the meetings wherein the defendant Weiss participated as a director or a stockholder were of no effect, insofar as any determination therein was made with the aid of a vote by defendant Weiss. Moreover, even if the agreement “ Exhibit B ” were not void as usurious, the acts of the defendants Arthur and Judith Donow and of defendant Cele Weiss in voting for a slate of directors other than the one named in ‘ ‘ Exhibit A ’ ’ breached the agreements. As stated above, the defendant Weiss expressly agreed in “Exhibit B” to be *409 “ bound by all of the terms and conditions of said stockholders agreement as if her name were set forth therein”, and the evidence reveals no act of the plaintiffs which estops them from questioning her participation in the affairs of the corporation.
Accordingly a judgment will be signed declaring null and void the election of Cele Weiss as a director and any acts, including those of February 1, 1960 providing for a purchase of property from Herbert Donow and the raising of the salary of Arthur Donow, in which Cele Weiss participated as a director. The defendants Arthur Donow, Judith Donow and Cele Weiss will be enjoined from issuing any stock in payment of the property belonging to Herbert Donow. If the conveyance has been made to the corporation, the property shall be reconveyed to Herbert Donow and the stock cancelled.
The action against defendant Herbert Frieman was dismissed during trial.
The observation may be made that the plaintiffs as stockholders and directors are entitled to look at books and records of the corporation, as well as to exercise the other privileges afforded them under the statute. This observation is made solely for the purpose of avoiding further litigation, if possible.
As to the appointment of a receiver, the relief requested is denied. “ Jurisdiction to appoint receivers of corporations is wholly statutory” (Decker v. Gardner, 124 N. Y. 334, 337). Here, the action is not based on a statute. Long ago, in Attorney-General v. Utica Ins. Co. (2 Johns. Ch. 371) cited with approval in Decker v. Gardner (supra, p. 337) it was held that the court had no inherent power to apppoint a receiver of a corporation. In the case cited by plaintiffs (Matter of Jack Martin Auto Sales, 63 N. Y. S. 2d 686) the appointment was made in a dissolution proceeding pursuant to section 103 of the General Corporation Law. The appointment of a temporary or permanent receiver is expressly permitted in such proceeding by sections 162 and 163 of the General Corporation Law. (See, also, General Corporation Law, § 150.) No damages are found to have been sustained. No costs are awarded.