JOSEPH B. WILKINSON, Appellant, v. THE FIRST NATIONAL FIRE INSURANCE COMPANY OF WORCESTER, MASSACHUSETTS, Respondent.

| 72  | 499 |
| 118 | 243 |
| 72  | 499 |
| 122 | 227 |

The parties to a contract may provide by express stipulation for a shorter limitation to actions thereon than that fixed by the general law.

*It seems,* that an injunction issued at the suit of a third person against one of the parties to a contract, restraining him from bringing an action thereon within the time limited by the contract, does not suspend the running of the limitation, or relieve the party from forfeiture under it.

The provision of the Code (Old Code, § 105 ; New Code, § 406), saving the rights of parties under the statute of limitations when they are stayed by injunction, applies only to cases governed by the statute ; it has no application to a limitation prescribed by contract.

A policy of insurance contained a provision that no suit for the recovery of any claim thereunder should be sustainable unless commenced within twelve months after loss or damage. In an action upon the policy, wherein this provision was set up by defendant as a bar, to avoid the defense plaintiff showed that in an action brought by a third person against the holders of the policy and the insurance company, an injunction order was granted, restraining the company from *paying* and the holders from *receiving* the loss or damage arising under the policy. *Held,* that the injunction did not restrain the bringing of an action upon the policy.

An injunction order, unless the words are clear, will not be construed as restraining acts which will be beneficial to the plaintiff.

(Argued January 25, 1878 ; decided February 19, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.    (Reported below, 9 Hun, 522.)

This action was upon two policies of insurance issued by defendant.

The facts are set forth sufficiently in the opinion.

*Esek Cowen,* for appellant.    The referee rightly held that the action was not barred by the omission to bring it within twelve months after the loss, the parties insured being under injunction.    (*Barker* v. *Millard,* 16 Wend., 572 ; *Ames* v. *Un. Ins. Co.,* 14 N. Y., 253 ; *Mayor, etc.,* v. *Ham. Ins. Co.,* 39 id., 45 ; *Berrien* v. *Wright,* 26 Barb., 208 ; *McQueen* v. *Babcock,* 41 id., 337.)    This action could be maintained in the name of the present plaintiff.    (*Savage* v. *Corn Ex. Co.,* 4 Bosw., 2 ; *Luckey* v. *Gannon,* 37 How., 134 ; *Frink* v. *Hamp. Ins. Co.,* 45 Barb. 384 ; *Cone* v. *Niag. Ins. Co.,* 60 N. Y., 619 ; *Lawrence* v. *Fox,* 20 id., 268 ; *Burr* v. *Beers,* 24 id., 178 ; *Thompson* v. *Blanchard,* 4 id., 303 ; *Sammis* v. *McLaughlin,* 35 id., 647 ; *Tilton* v. *Nelson,* 27 Barb., 595 ; *Kessel* v. *Albertis,* 5 id., 362 ; *Briggs* v. *Dorr,* 19 J. R., 95 ; *Prescott* v. *Hall,* 17 id., 284.)

*D. M. Westfall,* for respondent.    The action was barred by the limitation in the policies.    (*Ames* v. *N. Y. Un. Ins.*

Co., 14 N. Y., 264 ; *Ripley* v. *Ætna Ins. Co.*, 30 id., 163 ; *Roach* v. *N. Y. and E. Ins. Co.*, 30 id., 546 ; *Mayor* v. *Ham. F. Ins. Co.*, 39 id., 45 ; *Riddlesbarger* v. *Hartf. Ins. Co.*, 7 Wal., 386 ; *Gray* v. *Hartf. Ins. Co.*, 1 Blatch., 280 ; *Wilson* v. *Ætna Ins. Co.*, 27 Vt., 99 ; *Williams* v. *Vt. Ins. Co.*, 20 id., 222 ; *Leadbeater* v. *Ætna Ins. Co.*, 1 Shep., 267 ; *Worsley* v. *Wood*, 6 Tenn., 718 ; *Fellows* v. *Mad. Ins. Co.*, 2 Dis., 128 ; *Portage Ins. Co.* v. *West*, 6 Ohio [N. S.], 599 ; *Brown* v. *Sav. Ins. Co.*, 24 Geo., 97 ; *N. W. Ins. Co.* v. *The O. and C. Co.*, 31 Penn., 448 ; *Shroder* v. *Key. Ins. Co.*, 2 Phil. [Pa.], 286 ; *Brown* v. *R. W. Ins. Co.*, 5 R. I., 394 ; *Fullam* v. *N. Y. Ins. Co.*, 7 Gray, 6 ; *Armstrong* v. *Bowditch M. F. Ins. Co.*, 6 id., 596 ; *Fuller* v. *N. Y. N. M. Ins. Co.*, 7 id., 61 ; *Peo. M. F. G. Ins. Co.* v. *Whitehall*, 25 Ill., 466 ; *Hickey* v. *Anchor As. Co.*, 18 Up. C. [Q. B.], 433 ; *Provin. Ins. Co.* v. *Ætna Ins. Co.*, 16 id., 135 ; *Lampkin* v. *West. As. Co.*, 13 id., 237 ; *Grant* v. *Liv. Ins. Co.*, 5 Ind., 23 ; *Ketchum* v. *Prov. Ins. Co.*, 1 Al. [N. B.], 136 ; *Keim* v. *Home Ins. Co.*, 42 Mo., 38 ; *Mer. Ins. Co.* v. *La Croix*, 35 Texas, 249 ; *Wilson* v. *Ætna*, 1 Wms., 102 ; *Gordon* v. *Am. K. F. Ins. Co.*, 20 N. H., 73.)

ANDREWS, J.   The policies were issued to Martin Wallace, one of the firm of James Thompson & Co., to which firm the loss, if any, was payable.   The plaintiff derives title to the claim against the defendant by virtue of an assignment from Thompson & Co., made June 11, 1873. The fire which destroyed the insured property occurred January 14, 1871.   The proofs of loss were served immediately thereafter, and this action was commenced October 16, 1873 — nearly two years and nine months after the fire. The policies contain a provision that no suit for the recovery of any claim thereunder shall be sustainable in any court of law or chancery, unless it shall be commenced within twelve months after the loss or damage shall occur, any statute of limitation to the contrary notwithstanding.   It is well-settled that the parties to a contract may provide

for a shorter limitation to actions thereon than that fixed by the general law. Such an agreement is not expressly or impliedly prohibited by the general statute of limitations, and is consistent with the policy upon which statutes of limitation are founded. (*Ames* v. *The New York Union Ins. Co.*, 14 N. Y., 253; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136; *Roach* v. *N. Y. & E. Ins. Co.*, id. 546; *Mayor* v. *Hamilton Ins. Co.*, 39 id., 46.) The defendant, among other defenses, set up the contract limitation in bar of the action. The plaintiff, to avoid this defense, proved the following facts : In April, 1871, an action was commenced in the Supreme Court, in which the Cambridge Valley National Bank was plaintiff, and Wallace, Thompson & Co. and The First National Fire Insurance Company of Worcester were defendants, in which the bank claimed by virtue of an alleged agreement with Wallace, to be entitled to the policies of insurance now sued upon, and to the money due thereon, and prayed for an injunction restraining the insurance company from paying, and Wallace, Thompson & Co. from receiving any money on account of the loss of the insured property, and for other relief. An injunction order was granted in the action on the 27th of April, 1871, enjoining and restraining the insurance company from *paying* and the defendants Wallace, Thompson & Co. from *receiving* the loss or damage owing under or by virtue of the policies in question until the further order of the court. This order was served on Wallace, but was not served on the company, and it does not appear that the company had any knowledge of the commencement of the suit. The injunction was dissolved June 11, 1873.

It is claimed by the learned counsel for the plaintiff that the injunction restrained and prohibited the bringing of an action on the policies, and that this disability excused and relieved the asssignors of the plaintiff from the necessity of bringing an action within the year after the loss in order to save their rights; or, in other words, that the time during which the injunction was pending is not to be counted as

any part of the time limited in the contract. It is to be observed that this claim is not justified by the terms of the contract. The provision fixing the time within which an action must be brought is distinct, definite and unqualified. The contract contains no saving of the right of action after the expiration of a year from the loss, for any cause whatever; and unless the bringing of the action within the time limited by the contract was waived by the defendant, or was excused and made impossible by the act of God or of the law, the remedy of the plaintiff has been lost. We shall assume, for the present, that the injunction order by its true construction prevented the commencement of a suit for the recovery of the claim. If the injunction had been procured by the defendant, then, within the principle that a party shall not take advantage of his own wrong or be permitted to claim a forfeiture by reason of an act or omission which he himself caused, the company would be precluded from the defense. "If the obligee himself be the cause that the obligation cannot be performed, there is no forfeiture for it in his own act." (Vin. Abr. tit. Condition N. C. C., 23; Bac. Abr. tit. Condition O., 3.) But the facts do not bring the case within this principle. The defendant neither procured the injunction to be issued nor was it procured with its privity or consent. It had no knowledge that it was to be applied for or that it had been issued; nor did the company consent to an extension of the time for bringing an action, or do any act upon which a waiver of the limitation could be predicated. The plaintiff to succeed in this case must maintain the proposition that an injunction is issued at the suit of a third person against one of the parties to a contract, restraining him from bringing an action thereon within the time limited thereby, is an act of the law which dispenses with the condition, excuses the delay and prevents a forfeiture. That an injunction staying the commencement of an action does not *ipso facto* operate to suspend the running of the statute limitation, or relieve a party from its operation, was decided in *Barker* v. *Millard* (16 Wend., 572). The Revised Statutes

contained a provision saving the rights of parties stayed by injunction (2 Rev. St., 299, § 36), which is now section 105 of the Code. This provision does not aid the plaintiff. The exception has no application where a limitation is prescribed by the contract of parties but only applies to cases governed *by* the limitation in the general law. This is sufficiently clear ~~by~~ from a reading of the section, but the question has been adjudicated in a case arising under a contract similar to the one in question. (*Riddlesbarger* v. *Hartf. Ins. Co.* 7 Wall., 386.) If the issuing of an injunction restraining a party from bringing an action is an act of the law which suspends the running of a contract limitation, it must have the same effect in respect to cases governed by the statute, and upon this assumption the case of *Barker* v. *Millard* was wrongly decided. But it is clear that the court must have held the contrary, and the statute was amended to remedy the apparent hardship, that a restraint imposed by the court should operate to deprive a party of his right of action. That a court of equity may relieve a party who has lost his remedy at law on a contract, in consequence of an injunction procured by the other party, and prevent the latter from setting up the bar of the statute, we are not disposed to deny. In 2 Cases in Chancery (217), it is said : " If a suit be in chancery for a debt for rent, by lease, parol or simple contract, and beginneth within time of limitation, and be dismissed after the time of limitation, the court will not order the defendant to take no advantage of the statute of limitation. But if in such suit the party be stayed by act of the court, or by injunction, it is otherwise ; for the act of the court shall do no prejudice, as in the case of demurrers at common law." Lord ELDON in *Pulteney* v. *Warren* (6 Ves., 72) states very clearly the ground upon which a court of equity interferes to protect a party against an injury in such a case. He says : " If there be a principle upon which courts of justice ought to act without scruple, it is this ; to relieve parties against that injustice occasioned by its own acts or oversights, *at the*

*instance of the party against whom the relief is sought."*  In
some early cases it seems to have been held that equity will
prevent the bar of the statute being set up at law in cases
where the time has run during proceedings in chancery,
without fault of the defendant.   (Anon. 1 Vern., 74; 2 Atk.,
615.)   But the cases on this point are inconsistent.   (1 Atk.,
282; 2 id., 1.)   And it is said by an English writer that in
some recent and unreported cases no such relief has been
allowed a plaintiff who has lost his remedy at law, while
endeavoring to pursue it in equity.   (Banning on Lim. of
Actions, 33; see, also, *Manby* v. *Manby*, L. R. 3 Ch. D.,
101.)   It is difficult to perceive on what principle a party
shall be deprived of the benefit of the statute of limitations,
where he has not in any way contributed to the delay, and
we have found no modern case supporting such a jurisdiction.
It is no excuse that one has been prevented by a stranger
from performing his contract.   In Vin. Abr. tit. Condition,
K. C., 1, it is said : "If the condition of an obligation be to
deliver a certain thing to the obligee, bought of him of the
obligor, it is not any discharge that a stranger recovered it
from him after ;" and Baron COMYN says : "If a condition
be to do a thing, and a stranger interrupts him, that does not
excuse the performance."   (Com. Dig. tit. Condition, L.,
14; see, also, *People* v. *Bartlett*, 3 Hill, 590; *People* v. *Man-
ning*, 8 Cow., 297.)

In this case the Cambridge Valley Bank stood as a stran-
ger to the defendant, and the injunction was not within the
cases an act of the law which deprived the company of the
benefit of the limitation in the contract.   Moreover, if the
injunction operated as an absolute restraint against bringing
an action on the policies, the court would doubtless, on sug-
gestion, have modified it so as to permit a suit to be brought
to save the right of action ; and it was *laches* on the part of
the assignors of the plaintiff to lie by, without making an
application ; and if a suit had been brought, notwithstand-
ing the injunction, the fact that it was brought in violation
of it would have been no defense to the company ; that

would be a matter to be settled between the court and the party who had commenced the suit in violation of its order. (*Kelley* v. *Cowing*, 4 Hill, 266; *Burt* v. *Mapes*, 1 id., 649.)

But there is, we think, another answer to the argument of the plaintiff in this case; and that is that the injunction did not restrain the bringing of an action. The bank and the plaintiff's assignor had a common interest in keeping alive the claim against the defendant. Their controversy related merely to the title to the fund which might be realized from the policies. The injunction is carefully drawn, and restrains the insured from *receiving* the money from the company. The bringing of a suit to save the right of action and to ascertain the amount of the claim, by a judgment, would not be a violation of the order. It cannot be supposed, under the circumstances, that the plaintiff in the injunction suit intended to prevent such a proceeding. In construing an injunction order, it is not to be supposed that it was intended to restrain acts which would not be injurious to the rights of the complainant, and much less which would be beneficial to him, and unless the words are clear, it will not be deemed to prohibit them. (*Parker* v. *Wakeman*, 10 Paige, 485; *Hudson* v. *Plets*, 11 id., 180; High on Injunctions, 503.)

We are of opinion that the action in this case was barred by lapse of time, and this renders it unnecessary to consider the other questions in the case.

The judgment should be affirmed.

All concur.

Judgment affirmed.