FOLLETT, J.
—This action is defended on three grounds : *717 (1) That it was not begun within twelve months next after the fire; (2) that written notice of the loss was not immediately-given ; (3) that a verified statement of theloss ivas not furnished within 60 days after the fire. The following are the provisions of the policy" under which these defenses arise :
“If fire occur the insured shall give immediate notice of any loss thereby, in writing, to this company ; protect the property from further damage ; forthwith separate the damaged and undamaged personal property ; put it in the best possible order ; make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon; and Avithin sixty days after the fire, unless such time is extended in Avriting by this company, shall render a statement to this company, signed and sworn to by said insured. * " * Ho suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced Avithin tAvelve months next after the fire.”
It is settled in-this state that parties to contracts may prescribe the time within Avhich either party must, if ever, bring actions to enforce the contracts, and that such stipulations are not against public policy and are valid. This rule has often been applied in favor of insurers and against the insured. Wilkinson v. Insurance Co., 72 N. Y. 499. And it has also been applied against the insurer and in favor of the insured. Wright v. Association, 43 Hun, 61; affirmed 118 N. Y. 237; 28 S. R. 817. The plaintiff seeks to evade the effect of this stipulation by availing himself of the exceptions contained in chapter 4 of the Code of Oivil Procedure (“ Limitations ”), but when the parties limit the time, by contract, Avithin which an - action must be brought thereon, their rights are to be determined by the contract, and the statute of limitations has no application. The statute so provides :
“ Sec. 414. The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in one of the folloAving cases : (1) A case Avhere a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the Avritten contract of the parties.”
In Wilkinson v. Insurance Co., supra, the plaintiff sought to escape the effect of the stipulation by reason of a proAÚsion in the Eevised Statutes saving the rights of parties from the effects of those statutes Avhen they Avere stayed by an injunction from bringing an action. The court said:
“ This provision does not aid the plaintiff. The exception has no application Avhere a limitation is prescribed by the contract of parties, but only applies to cases goArerned by the limitation in the general laAV.”
In Riddlesbarger v. Insurance Co., 7 Wall. 386, the plaintiff attempted to escape the effect of such a stipulation by invoking an exception contained in the statute of limitations of the state *718 of Missouri, where the contract Avas made and sought to be enforced. The court held that the statute had no application to the case, saying:
“ In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and as a consequence from its exceptions also.”
The section of the Code above quoted, and the two cases cited, one in the court of appeals in this state, and the other in the supreme court of the United States, Avould seem to be sufficient authority on this proposition.
Again, the fire occurred April 20, 1892,—4 months and 18 days after the death of the insured (plaintiff’s testatrix), and no cause of action accrued to her; and this case does not fall Avithin any of the exceptions of chapter 4 of the Code of Civil Procedure (“Limitations”), extending the time in which actions may be brought by the representatives of .decedents on causes of action accruing before death. The delay in bringing this action Avas not induced by any act on the part of the defendant, but Avas due solely to the neglect of those who should have procured the appointment of a representative for the insured. Mo reason is given Avhy a temporary administrator Avas not applied for and appointed pending the contest over the Avill. Had this been done, proof of loss might have been given, and an action brought Avithin the period prescribed by the policy.
The defendant’s exceptions should be sustained, and, as a neAV trial Avould be unavailing, the complaint should be dismissed, Avith costs.
IIARDIN, P. J., concurs.