CARRIE V. PAUL *vs.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

Suffolk.    June 23, 1904. — September 8, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Life. Limitation,* By contract. *Equity Jurisdiction,* To relieve against forfeiture. *Waiver. Estoppel.*

A provision in a foreign insurance policy insuring against death by accident, that no action shall be brought on it unless begun within six months from the death

of the insured, is binding on the beneficiary to whom the policy is payable, although she was prevented by an injunction issued after the six months had begun to run from bringing her action within the time limited, and she cannot maintain an action at law on the policy, especially where a final decree dissolved the injunction before the six months expired and there was a short but sufficient time in which an action could be brought. Whether equity would grant relief from the forfeiture incurred by the failure to bring an action within the time limited in the policy was not considered.

It is no excuse for a failure to sue on a policy, insuring against death by accident, within the time limited in the policy that the plaintiff did not know of that provision in the policy.

It is not the duty of a foreign insurance company insuring against death by accident to call the attention of the beneficiary of a policy, under which a liability has accrued, to a provision contained in it that an action on the policy must be begun within six months from the death of the insured, and the company does not waive the defence of a failure to comply with this limitation by its counsel taking part in interviews and making communications relating to the policy without referring to the limitation.

A foreign insurance company insuring against death by accident does not waive the defence of a limitation requiring an action on the policy to be brought within six months from the death of the insured, by refusing on another ground to pay the insurance money after the expiration of the six months, even if such a refusal before the expiration of the six months might estop it from setting up the limitation if the beneficiary was prejudiced or misled by the statement.

MORTON, J. This is an action of contract to recover the sum of $5,000 upon an accident policy issued by the defendant, a corporation organized under the laws of the State of New York, to one Charles F. Paul, who died May 29, 1902, as the result of accidental injuries received a few days previously. The policy is payable to Carrie V. Paul the plaintiff and the action is brought by a receiver in her name for his benefit. The case comes here on a report by the presiding justice after a refusal to rule as requested by the defendant that there was no evidence of waiver on its part of the terms of the policy, and a finding and judgment in favor of the plaintiff. If the ruling was right, the judgment is to be affirmed; otherwise, such judgment is to be entered as law and justice may require.

The policy provided amongst other things that proof of death should "be furnished to the company within two months from the time of death," and that "legal proceedings for recovery hereunder may not be brought till after three months from the date of filing proofs at the Company's Home Office, nor brought at all unless begun within six months from the time of death. . . . Claims not brought in accordance with the provisions of this

paragraph will be forfeited to the company." The writ in this case is dated July 18, 1903. Due proof of the death of the insured was filed at the home office of the company in New York on July 7, 1902, and no question arises as to that. On the twenty-sixth day of June, 1902, Jennie I. Paul the widow of the insured filed a bill in equity in the Superior Court against the beneficiary named in the policy, the present plaintiff, alleging that the only interest which the beneficiary had in the policy was that of pledgee, and offering to pay what was due and to redeem the policy and praying for an injunction to restrain her from selling or assigning the policy, and from instituting or prosecuting any suit against the company or receiving any money payable under the policy. An injunction was issued as prayed for on the next day, June 27, and notice thereof sent to the defendant. On November 26, 1902, a final decree was entered in the equity suit in favor of the plaintiff in that suit, Jennie I. Paul. An appeal from this decree was taken on December 1, 1902, by the defendant, the present plaintiff, which was waived by agreement of the parties about a year afterwards, and a rescript was sent down from the full court ordering the decree to be affirmed. The proceedings in regard to the appeal do not seem to us to have any bearing on the questions now in issue. In April, 1903, on application of the widow, the plaintiff in the equity suit, two receivers were appointed in that suit to receive the money due on the policy. For some reason which does not appear they were not authorized to sue and collect what was due but only to receive what was due. Subsequently, also on application of the plaintiff in that suit, one of the receivers having resigned, full authority in the premises was granted to the remaining receiver, and on July 18, 1903, as already stated, this action was brought by him in the name of the beneficiary for his benefit.

The defence is that the action was not brought within the time limited in the policy. And it is clear that it was not. But the plaintiff contends that the injunction operated to excuse her from the effect of the limitation contained in the policy, and, if it did not, that the conduct of the defendant has been such as to warrant a finding that it has waived the provision, or is estopped to set it up. We do not think that either contention is well taken.

Though this action is brought by the receiver in the name of the beneficiary, it is, in effect, prosecuted for the benefit of the widow. But it is manifest that neither she nor the receiver can stand in any better position than the party to whom by its terms the policy is made payable, except that, possibly, a waiver to the widow might enure to the benefit of the plaintiff. *Jennings* v. *Metropolitan Ins. Co.* 148 Mass. 61, 66. It is well settled that the limitation named in the policy is a good one, and is binding on the insured. *Lewis* v. *Metropolitan Ins. Co.* 180 Mass. 317. The plaintiff indeed does not contend that it is not.* As a general rule when the period of limitation prescribed by statute has begun to run, it will continue to run unless the case is brought within one or more of the exceptions provided by the statute. We do not see why the same rule should not apply to limitations by contract. *Wilson* v. *Ætna Ins. Co.* 27 Vt. 99. In some States the time during which an injunction is in force restraining the bringing of an action is excepted by statute from the time limited for the commencement of the action. Wood, Lim. Actions, § 243. There is no such statute in this State. Whether if there were it would apply to limitations by contract might admit of question. *Riddlesbarger* v. *Hartford Ins. Co.* 7 Wall. 386, 391. *Wilkinson* v. *First National Ins. Co.* 72 N. Y. 499. *Hamilton* v. *Royal Ins. Co.* 156 N. Y. 327. *Brown* v. *Roger Williams Ins. Co.* 7 R. I. 301. It is not necessary, however, to consider that question now, since neither the policy nor, as already observed, the statutes of this Commonwealth contain any exception or provision in regard to the effect of an injunction upon the limitation of actions. If there is no exception in the policy providing for such a case, and no provision in the statute, it is difficult to understand how an injunction, issued after the time limited in the policy had begun to run, can operate to prevent the limitation from taking effect, and it was so held in regard to a similar stipulation in a policy of insurance in *Wilkinson* v. *First National Ins. Co., supra.* The plaintiff contends that what is said in that case in regard to the effect of an injunction upon the limitation named in the policy is *obiter* and that it has been modified if not overruled by the later decision in *Hamilton* v.

---

* R. L. c. 118, § 26, like the corresponding provision in Gen. Sts. c. 58, § 16, and Pub. Sts. c. 119, § 43, applies only to domestic insurance companies.

*Royal Ins. Co., ubi supra.* But all that that case decided was that a statutory provision in regard to the commencement of actions operated to save an action begun in accordance with it from the effect of a limitation created by contract as well as a limitation created by statute. To that extent it may have modified or overruled the statement in the opinion in *Wilkinson* v. *First National Ins. Co.* that the provision in the statutes of New York saving the rights of parties stayed by injunction had no application where the limitation was prescribed by the contract of the parties. The general reasoning of the court in *Wilkinson* v. *First National Ins. Co.* as to the effect of an injunction upon a limitation by contract remains unaffected, we think, and seems to us more satisfactory than that in *Jackson* v. *Fidelity & Casualty Co. of New York,* 75 Fed. Rep. 359, where the decision was by a divided court, and in *Earnshaw* v. *Sun Mutual Aid Society,* 68 Md. 465, relied on by the plaintiff. In the latter case the court sought to apply to the case before it the principle laid down in *Semmes* v. *Hartford Ins. Co.* 13 Wall. 158, where the Supreme Court of the United States held that a provision similar to that which we are considering did not operate in case of war between the countries of the contracting parties. But it is manifest that the circumstances of that case were entirely different from the circumstances of this. Application could have been made to the court at any time by any of the parties interested for the appointment of a receiver and such a modification of the injunction as would allow him to bring suit on the policy, and the injunction would no doubt have been modified and a receiver appointed as was finally done. Moreover, the final decree in the equity suit was entered before the six months expired, and the time which elapsed between the date of its entry and the expiration of the six months, though short, was a sufficient time in which to bring suit. It is no excuse for the widow or the receiver to say that they did not know of the provision in relation to the bringing of an action. For aught that appears a copy of the policy could have been procured at any time. Furthermore, the plaintiff is chargeable with knowledge of the contents of the policy, and, as already observed, so far as the present suit is concerned, the receiver and the widow can stand in no better position than the plaintiff. Whether equity could or would

afford relief from the forfeiture incurred by the failure to bring
an action within the time limited in the policy, it is not neces-
sary now to consider.   We do not mean to intimate that it could
or would.   This is an action at law and the pleadings do not
raise any ,question of equitable rights or relief, (*Isenburger* v.
*Hotel Reynolds Co.* 177 Mass. 455,) and the principle invoked
by the defendant, that when a court of equity by its interposition
to prevent an act rightfully or wrongfully intended by the de-
fendant, has deprived him of a remedy at law, it will give him a
remedy equivalent to that which he has lost, is not applicable.
*Brown* v. *Newall,* 2 Myl. & Cr. 558, 572.   *Pulteney* v. *Warren,*
6 Ves. 73.   *Wrixon* v. *Vize,* 3 Dru. & War. 104.

The plaintiff further contends that the defendant is estopped
by its conduct to set up and rely upon the limitation contained
in the policy, and that if it is not it has waived the right to do
so.   The grounds on which this contention is based are, in sub-
stance, that in various interviews and communications between
counsel for the plaintiff and the widow and the receiver and
counsel for the company in regard to the controversy which had
arisen between the beneficiary and the widow, neither the com-
pany nor its counsel at any time called the attention of the
plaintiff or the widow or the receiver or their counsel to the lim-
itation contained in the policy or intimated that they should
rely upon it, or refused to pay the amount claimed to be due,
until May, 1903, and that the first notice that the plaintiff or the
widow or the receiver or their counsel had, that the defendant
intended to rely upon the limitation contained in the policy, was
the filing of the answer.   Especial reliance is placed upon the
fact that on November 15, 1902, the defendant was informed by
the attorney for Jennie I. Paul that the equity suit was to be
tried on the following Monday, November 17, and that it must
have known, as the plaintiff insists, that it was impossible to
bring the case to an end before the limitation expired, which was
November 29, but the defendant kept silent, and on the further
fact that when the receiver made demand in May, 1903, the
defendant refused to pay and further said that, under the decree
appointing the receiver, the latter had no power to compel pay-
ment.   But the defendant owed no duty and was under no obli-
gation to the plaintiff, or to Jennie I. Paul, or to the receiver to

call their attention or that of their counsel to the provision in the policy in regard to the limitation of actions. It had a right to assume that the parties were cognizant of it, and would pay due heed to it. It gave no assurances to any of the parties that it would not rely upon it, and it held out no inducements to them to delay. It was not a party to the equity suit, and the communication voluntarily made to it on November 15, 1902, that the equity suit was to be tried on the following Monday imposed on it no duty to inform him of the provision, or of its purpose to rely upon it, and in the absence of any such duty its silence cannot be construed as a waiver of the provision or as estopping it from relying upon it. What took place in May, 1903, was long after the time limited for the commencement of an action had expired. The fact· that the defendant coupled with its refusal to pay an objection that the receiver could not compel payment cannot be regarded as a waiver of the limitation, or as estopping the defendant from taking advantage· of it. It was none the less a refusal on whatever ground it was put. And even if we assume that it was put on the ground that the receiver had no power to compel payment, neither the plaintiff nor the receiver nor the widow were in any manner prejudiced or misled thereby, as might perhaps have been the case, if it had happened before the time for bringing the action had expired. See *Cook* v. *North British & Mercantile Ins. Co.* 181 Mass. 101, 104 ; *Rooney* v. *Maryland Casualty Co.* 184 Mass. 26.

We think that the ruling requested should have been given and that judgment should be entered for the defendant.

*So ordered.*

*G. W. Buck*, for the defendant.
*F. T. Benner, S. H. Foster & F. Paul*, for the plaintiff.