## W. S. GATEWOOD v. C. C. FRY.

(Filed 26 April, 1922.)

1. **Deeds and Conveyances—Timber—Reservations—Purchasers of Land —Contracts—Breach—Evidence—Nonsuit.**

    The owner of lands conveyed the timber growing thereon to the defendant with right to cut and remove the same within a term of years, but with further provision that a purchaser of the land from him, upon six months written notice, would have the right to clear such acreage as he

should designate, leaving the remainder for the defendant under the provisions of his timber deed. In the purchaser's action for damages, wherein an injunction has been issued, evidence, without more, tending to show that the plaintiff had bought the land on speculation, without intention to clear it, and that his purchaser had refused the land because of the dispute, is insufficient to sustain the plaintiff's action, and a motion as of nonsuit thereon was properly granted.

2. **Deeds and Conveyances—Timber—Contracts—Breach — Limitation of Actions—Statutes—Pleadings—Counterclaim—Damages.**

Where it appears that a purchaser of timber standing upon the land would have cut and removed the same within the time specified for that purpose, except for an injunction erroneously issued in the suit of the plaintiff: *Held*, C. S., 413, does not have the effect of extending the period of time for cutting and removing the timber fixed by the terms of the contract, and the defendant's damages, arising or growing out of the same transaction, may be pleaded as a counterclaim, and it is permissible to ascertain and award the same, to the time of the trial, it being the full net value of the timber, of which he has been deprived.

APPEAL by plaintiff from *Lane, J.,* at December Term, 1921, of MOORE.

Civil action, instituted by issuance of summons of date 24 February, 1919, which was served on 4 March, 1919, and the purpose is to recover damages of defendant for wrongfully cutting timber trees from lands claimed by plaintiff, and to restrain defendant from further cutting till the hearing, an injunction order restricting any further cutting till the final hearing being issued and served on defendant in the cause. There was answer filed denying any wrongful cutting of timber as alleged, and a further answer by way of counterclaim for damages suffered by defendant by reason of wrongful interference with defendant's cutting and carrying off of said timber, alleged by defendant to be in pursuance of his rights of ownership in said timber. At the close of the evidence, on motion, there was judgment of nonsuit as to plaintiff's cause of action, and on issue submitted as to amount of defendant's counterclaim, there was verdict in defendant's favor for $350. Judgment on the verdict for defendant and plaintiff excepted and appealed.

*U. L. Spence for plaintiff.*
*H. F. Seawell for defendant.*

HOKE, J.  From the facts in evidence it appears that the land and timber thereon belonged to Mrs. Maggie H. Graves, and that on 17 October, 1916, she and her husband, by deed properly proven and registered, conveyed to defendant C. C. Fry the merchantable timber on said land, with right to cut and remove same within three years from the date of the instrument, and as a limitation on this right of three years

to cut and remove, the deed contained the following: *"Provided,* that the parties of the first part do not sell and convey said lands during said period, and in the event that said parties of the first part sell and convey said lands on which said merchantable timber suitable for making merchantable lumber and crossties are located and situated, then and in that event, if the party to whom the parties of the first part sell and convey said lands desire to use and clear any of said lands for farming purposes, or any other purposes, then he or they are to give the party of the second part, his heirs or assigns, six months notice in writing of his or their intention of wanting to use said lands, or the number of acres on said tract of land, and the party of the second part agrees to either cut the remaining said timber situated on said tract of land, or the number of acres indicated and designated by the said purchaser, which he wants to clear, or to move off of said portion of said tract of land and release all claims and rights to any timber on said lands stipulated and designated in said written notice."

It further appears that on 17 July, 1918, Mrs. Maggie Graves and her husband sold said land to plaintiff for $850, $100 of which was paid down, and balance evidenced by plaintiff's note for $750, which has not been paid, and said parties executed their bond to make title to said land on payment of purchase price. Proper probate of said paper was had and same put on registry 10 March, 1919. On obtaining the bond for title, plaintiff caused a notice to be written and served on defendant on 7 August, 1918, in terms as follows: "This is to notify you that I have bought the land owned by Mrs. Maggie H. Graves near Bethlehem Church on which you bought her crossties, and if you have not already removed all the timber, which you bought from her, which was on this land, you will do so in the next six months, as I shall take charge of this timber and land at that time, and shall not allow any more to be removed by you, as per your contract with Mr. G. C. Graves and Mrs. Maggie H. Graves, as I shall desire to use all of said land for farming purposes and other purposes. This is your notice, as per said contract."

There was also evidence tending to show that defendant could and would have cut and removed all of the timber within the six months after notice given, and further, that some of the timber had been cut by defendant after expiration of the six months notice and before injunction ordered served.

Plaintiff, among other things, testified, in effect, that he had bought the land on speculation, intending to sell same to the four Diggs boys, and that plaintiff had no intent or purpose to clear any part of the land himself; that the Diggs boys had said that they were going to clear it, but refused to take the land when they found there was a dispute about it, etc.

27—183

There was evidence for plaintiff that the value of the timber on the land when time for notice expired was from $150 to $225. There was evidence for defendant that the value of the timber on the land at the end of the six months, and which defendant was prevented from cutting by restraining order, etc., was from $700 to $1,000.

Upon this testimony chiefly pertinent, the court, on motion, as stated, entered judgment of nonsuit as to plaintiff's cause of action, and submitted an issue as to amount of damages suffered by defendant by "reason of matters set up in the answer, and on account of the restraining order and injunction issued in the cause." The jury, in response to the issue, have answered the damages of defendant at $350. There was judgment on the verdict, and no reason is shown for disturbing the results of the trial.

From the facts in evidence we are of opinion that plaintiff had acquired no such interest in the timber and had no such purpose concerning the property as gave him the right by six months notice to terminate or shorten the time for cutting and removing the same, held by defendant under his contract. From a perusal of the stipulation, it is clear that such right is restricted to an owner at the time, whose purpose was to clear and cultivate or improve it, and then only to the extent of the proposed clearing required for improving. "In case of sale, if the persons to whom same is conveyed desire to use or clear said land for farming purposes or any other, notice shall be given of their intention to use same or the number of acres thereof," is the language of the stipulation.

Plaintiff, a witness in his own behalf, testified, in effect, that he bought and held the land for speculation, and had no intent himself of clearing the same, or any part of it; that he had never sold, nor does it satisfactorily appear that he had ever made any binding contract to sell, to the Diggs brothers, nor is there any notice from them of any desire or intent on their part to clear said land. The plaintiff's own testimony shows that his notice is not efficient for the purpose intended, and defendant, therefore, under his purchase, had until 17 October, 1919, to cut and remove the timber, and plaintiff's cause of action has been properly dismissed as on judgment of nonsuit.

As to the counterclaim, C. S., 413, which provides that when commencement of action is stayed by injunction, the time of the continuance of the injunction is no part of the time limited for the commencement of the action, as its terms clearly import, affects, and is intended to affect only a litigant's right to prosecute an action in court as fixed by the statute, and does not as a rule operate to extend or prolong a time limit or a property right as determined by the contract of the parties. 25 Cyc., 1284, citing *Paul v. Fidelity Cas. Co.,* 186 Mass., 413; *Wilkerson v. Fire Insurance Company,* 72 N. Y., 499.

Defendant, therefore, being in a position to cut and remove this timber within the time limit of the contract, and his right to do so having been wrongfully stayed by injunction until such time had expired, is entitled to recover the full net value of the timber as damages for such wrongful interference. *Williams v. Parsons,* 167 N. C., 529.

In the *Williams case,* just cited, the interference complained of was by conduct *in pais,* but as to the award of damages, there is no distinction in principle between that and a case where the wrongful interference was under color of court process, which was procured on a baseless claim.

And the counterclaim being one arising out of the same transaction, or growing out of some controversy, it is permissible to ascertain and award the amount down to the time of trial. *Smith v. French,* 141 N. C., 1.

We find no error in the proceedings, and the judgment for defendant is affirmed.

No error.