CAROLINE E. RICE vs. DARWIN BARNARD & another.

Suffolk. March 27. — July 29, 1879. AMES & LORD, JJ., absent.

An interlocutory decree against an insurance company, appointing a receiver with power to continue the business of the company in the receipt of premiums and the payment of the necessary expenses of the business, and enjoining the company, its officers and agents, from receiving and disposing of the property of the company except to deliver it to the receiver, does not revoke or annul the authority of an agent of the company to receive payment of a premium on a policy issued by the company; and a person who pays a premium to such agent after the issuing of the decree, but before either of them knew of it, cannot maintain an action against him to recover it back, upon a declaration alleging that, at the time of such payment, the defendant had no authority to receive it.

MORTON, J. The plaintiff voluntarily and without any fraud, misrepresentation or concealment, paid to the defendants, as agents of the Continental Life Insurance Company of New York, the annual premium due on a policy issued by that corporation to the plaintiff. In this action she seeks to recover back the amount thus paid, alleging as the only ground of liability of the defendants that at the time of the payment they were not the agents of said corporation authorized to receive premiums. Under these pleadings the Superior Court ruled that, upon the undisputed facts in the case, the plaintiff was not entitled to recover. We are of opinion that this ruling was correct.

The interlocutory decree rendered on the same day this payment was made, by the Supreme Court of New York, does not purport to dissolve the corporation. It appoints a receiver, with power to continue the business of the corporation in the receipt of premiums and the payment of the necessary expenses of the business, and enjoins the corporation and its officers and agents from receiving and disposing of the property of the corporation, except to deliver it to the receiver. The decree does not revoke the authority of the agents, but contemplates that they are to continue as agents accountable to the receiver. If this interlocutory injunction had been dissolved without further proceedings, the agents of the corporation would have continued as agents without any new appointment. We are not called upon to consider what may be the effect of the final decree in the

same suit, making permanent the appointment of the receiver and dissolving the corporation. We are of opinion that the effect of the interlocutory decree was not to annul the authority of the defendants, but that at the time of the payment by the plaintiff they continued to be agents of the corporation, author-ized to receive premiums; and, therefore, that the plaintiff can-not maintain her action upon the pleadings. See *Commonwealth* v. *Barnstable Savings Bank*, 126 Mass. 526.

It is not necessary to consider the ground taken by the plain-tiff, that she had the right to recall this payment and recover the money paid of the corporation. If she had this right, questions might arise which are not open in this case, as to whether the defendants had in good faith paid over or accounted for the money to their principal, so as to change their position before notice was given to them that she claimed such right.

*Judgment for the defendants.*

*G. W. Estabrook*, for the plaintiff.
*A. A. Ranney*, for the defendants.