ATTORNEY GENERAL *vs.* COLONIAL LIFE ASSOCIATION, JOSEPHINE COOPER, claimant.

Suffolk.    December 10, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Insurance*, Life.    *Fraternal Beneficiary Corporation.*

The provision of St. 1893, c. 434, § 1, now R. L. c. 118, § 73, requiring a copy of the application of the insured referred to in a policy of life insurance to be annexed to the policy as a prerequisite to its being considered a part of the contract or being received in evidence, does not apply to a certificate of life insurance issued by a fraternal beneficiary corporation organized under St. 1899, c. 442, now R. L. c. 119.

In a claim against a fraternal beneficiary corporation for a death benefit, the certificate on which the claim was made declared that it was issued on the condition that the statements made by the member in his application for membership and the statements made by him to the medical examiner, both of which were filed in the sovereign secretary's office, were made a part of the contract and were full and true without any suppression of facts, and on the condition that the member should comply with the laws, rules and regulations governing the corporation. The certificate further provided that it should "be governed by, subject to and construed only according to the constitution, by-laws and regulations" of the corporation.   The application for membership signed by the member contained the following statement: " I also consent and agree, that, if a certificate or policy is granted on this application, the same shall not cover . . . death by suicide, whether sane or insane."   The by-laws of the corporation then in force provided that "each certificate shall be expressed to be void in the event of suicide, whether the member be sane or insane."   It appeared that the member to whom the certificate was issued committed suicide as the result of acute melancholia. *Held*, that by the terms of the contract nothing was due on the claim.

BILL IN EQUITY, filed by the Attorney General at the relation of the insurance commissioner, on April 14, 1905, praying

for the winding up of the Colonial Life Association, a fraternal beneficiary corporation organized under the laws of this Commonwealth.

The case came on to be heard before *Hammond*, J. upon the receiver's report on claims presented to him, and the justice, being about to enter a decree disallowing the claim of Josephine Cooper for a death benefit under a certificate issued by the defendant to her late husband George H. Cooper, was requested by the claimant to report her claim for determination by the full court. Whereupon, as the final disposition of this claim would affect the amount to be paid to other creditors and the justice was of opinion that its validity should be determined by the full court before further proceedings were taken, he reported it for such determination.

The material facts relating to the claim were reported by the justice as follows:

The certificate under which the claim was made was as follows:

" Colonial Life Association of Massachusetts

*2000.*                                                    *Age 60*

" This Certificate is issued to *George H. Cooper age Sixty* years, a member *of Columbia Colony number Twenty-six*, Colonial Life Association located at *Washington Dist. of Columbia*, upon condition that the statements made by him in his application for membership in said Association, and the statements made by him to the Medical Examiner, both of which are filed in the Sovereign Secretary's Office, are made a part of this contract, and are full and true without any suppression of facts, and upon condition that said member complies with the laws, rules and regulations now governing the said Association and Colony and their respective funds, and such as may hereafter be enacted to govern the same, paying all dues and assessments provided or authorized by the By-Laws of the Association or the Colony to which said member belongs, in the manner and at the stipulated times, and upon condition that the said member for himself and for any person or persons accepting or acquiring any interest in this benefit certificate agrees that no action at law or in equity shall be brought or maintained on any cause or claim arising out of any membership in the Colonial Life Asso-

ciation or on any benefit certificate, unless such action is brought
within one year from the time when the right of action accrues.

"These conditions being complied with, the said *George H.
Cooper* is entitled to participate in the beneficiary funds of the
Association to the amount of *Two Thousand* dollars in accordance
with the provisions of Sec. 11, Chapter 442, of the acts passed
by the Legislature of Massachusetts during the Session of 1899,
and of any amendment that may be made thereto, which sum
the Colonial Life Association hereby promises to pay to *Jose-
phine Cooper, Wife* in accordance with and under the provisions
of the laws governing said funds upon satisfactory evidence of
the death of said member ninety days after receipt of proof
of claim and upon the surrender of this certificate; provided
that said member is in good standing in this order at the time
of his death, and provided, also, that this certificate is outstand-
ing and in full force.

"In the event of the total permanent disability of said mem-
ber established to the satisfaction of the Association, while this
contract is in full force, there will be paid said member upon the
surrender hereof, one-half of the sum aforesaid.

"The General Fund Dues, amounting to $1.00 per quarter,
are due and payable upon the first business day of January,
April, July and October; and the Mortality Fund Dues, amount-
ing to $4.14, are due and payable upon the first business day
of every month to the Treasurer of Columbia Colony, No. *26*
at *Washington*, or at the Office of the Sovereign Treasurer in
Westfield, Mass.

"The contract hereby made shall be governed by, subject to
and construed only according to the constitution, by-laws and
Regulations of this Association and the laws of the Common-
wealth of Massachusetts, the place of this contract being ex-
pressly agreed to be in Westfield, Massachusetts.

"In Witness Whereof, the Colonial Life Association has
caused this certificate to be signed by its President and its
Treasurer, and to be countersigned by its Secretary, this
*Twenty-sixth* day of *January* A. D. *1900*.

"Robt. H. Kneil, President,
"Countersigned by         E. S. Goodnow, Treasurer.
    E. S. Goodnow, Secretary."

The application upon which this certificate was issued was dated January 18, 1900, and was as follows:

"I, George H. Cooper, of Washington, D. C., hereby make application for membership and a certificate for $2000. insurance in the Colonial Life Association, and for that purpose make the following statement as the basis of the contract between the said Colonial Life Association and myself."

Then followed numerous questions propounded to the applicant by the medical examiner as to the physical condition, health, and family history of the applicant, which were answered; after which was the following certificate:

"I, George H. Cooper, of Washington, County of Washington, District of Columbia, do hereby declare and warrant that all these particulars and statements are true, and that I have not in this application for above-named contract concealed or withheld any material circumstance or information concerning the past or present state of my health, habits of life, or medical treatment; and I do hereby acknowledge, consent and agree that any untrue or fraudulent statement made above, or to any Medical Examiner of said Colonial Life Association, or any concealment of facts by me, may forfeit and cancel all rights to any benefit under the above-named contract. And I do further consent and agree, that, if a certificate or policy is granted on this application, same shall not become binding on the Association until the first payment due thereon has been actually received by the Association or its authorized organizer, during my lifetime and good health. I also consent and agree, that, if a certificate or policy is granted on this application, the same shall not cover on death arising from intemperance, or at any place forbidden by the Association, or death by suicide, whether sane or insane. I hereby expressly waive any and all provisions of law now existing, or that may hereafter exist, preventing any physician from disclosing any information acquired in attending me in a professional capacity or otherwise, or rendering him incompetent to testify as a witness in any way whatever. I agree that an affidavit of the Secretary of the said Association or of the Secretary of any Colony of said Association that notice of any sums due has been addressed to me at the post-office address appearing on the books of the Association, and that the

same has been mailed according to the usual course of business of said Association, shall be admitted as evidence, and taken to be and constitute conclusive proof of the sending of such notice in any and all suits brought on said certificate or policy."

No copy of the application was annexed to or delivered with the certificate, nor was any copy of the application ever furnished to George H. Cooper.

The by-laws in force when the certificate was issued and at the time of the death of George H. Cooper, so far as applicable to the question involved, provided as follows:

Article 17: "Every person desiring to become a member must make application according to the prescribed form and the truthfulness of the declarations and statements therein made shall be the basis for the certificate to be issued him."

Article 24, § 1: "All certificates shall be made payable in ninety days from proof of claim. Each certificate shall be expressed to be void in the event of suicide, whether the member be sane or insane, and shall also provide that no proceeding at law or in equity shall be brought on the certificate after the lapse of one year from the date of the death or total disability."

The remaining by-laws were similar to those adopted by other fraternal beneficiary corporations organized in Massachusetts.

George H. Cooper committed suicide. as the result of acute melancholia, on October 12, 1902. Proofs of death were made and submitted to the association. The association refused to pay the claim upon the ground that the member committed suicide. Thereafter an action was brought by the beneficiary in the Supreme Court of the District of Columbia. The association demurred to the plaintiff's declaration, raising the question whether the application should be considered a part of the certificate. The demurrer was sustained, the court holding that the entire application and the certificate constituted one contract. The plaintiff was about to appeal or plead over when the receiver was appointed, after which time no further proceedings were had in the District of Columbia.

*A. F. Flint,* for the claimant.

*H. A. Wyman,* for the defendant, submitted a brief.

BRALEY, J. The defendant having been organized under the St. of 1899, c. 442, subsequently R. L. c. 119, as a fraternal

beneficiary association on the lodge system for the payment of a death benefit to its members, the provision of the St. of 1893, c. 434, § 1, now R. L. c. 118, § 73, requiring a copy of the application for a policy of life insurance to be annexed to the policy, as a prerequisite to its being considered a part of the contract or received in evidence is inapplicable, and the failure to annex a copy to the certificate did not prevent the admission of the application. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326. The claimant's rights as beneficiary to prove the amount of insurance which accrued upon the death of her husband depends upon the provisions of the certificate. A perusal of this instrument shows by the recitals in the first paragraph, that it is issued upon the statements made by the insured in his application for membership, and also those made by him to the medical examiner, both of which are filed in the secretary's office, and made a part of the contract. By this reference, the application so far as material is incorporated as if it had been formally repeated, and with the certificate constituted the contract of insurance. *Kidder* v. *United Order of the Golden Cross, ubi supra. Langdeau* v. *John Hancock Ins. Co., ante,* 56.

While conceding this construction it is the plaintiff's contention that the reference covers only so much of the application as related to the bodily health and physical history of the applicant. But this clause cannot be thus narrowed without violating the sense in which the parties used the language. The condition upon which the certificate is issued rests upon two distinct considerations. They are, the general statements of the insured, and those given by him to the physician. The context that the statements are accepted as being full and true, without any suppression of material facts, while evidently referring to answers contained in the medical examination, do not limit his express offer found in the declaration or statement following the examination that " I also consent and agree, that, if a certificate or policy is granted on this application, the same shall not cover . . . death by suicide, whether sane or insane." Besides, under the by-laws of the defendant then in force it was provided that "each certificate shall be expressed to be void in the event of suicide, whether the member be sane or insane," and the last clause of the certificate stipulates that it "shall be governed by,

subject to and construed only according to the constitution, by-laws and regulations of this association . . ." It is stated in the report that the insured committed suicide as the result of acute melancholia, and the violation of this subsequent condition worked a forfeiture of the certificate or policy. *Cooper* v. *Massachusetts Ins. Co.* 102 Mass. 227. See also *Daniels* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 393, 397. The beneficiary being bound by the terms of the contract her claim, therefore, must be disallowed. *Langdeau* v. *John Hancock Ins. Co., ubi supra.*

*So ordered.*