HARRIS MOSHENZ *vs.* INDEPENDENT ORDER AHAWAS ISRAEL.
RACHEL SUPIRIOR *vs.* SAME.

Suffolk.   December 4, 1912. — June 16, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Fraternal Beneficiary Corporation.   Contract,* Performance and breach.

A foreign fraternal beneficiary corporation, engaged in this Commonwealth in the business of insurance conducted on the lodge system, issued to a member of a lodge a death benefit certificate by which it promised to pay to a certain beneficiary on the death of the member a certain sum to be collected by assessments made upon the other members, or such part of that sum as would be produced by one full assessment. On an information filed by the Attorney General under R. L. c. 119, § 19, the corporation was enjoined "from prosecuting any business of such corporation within this Commonwealth." The member thereafter died while in good standing, and the beneficiary named in the certificate duly presented a claim thereunder. Subsequently the injunction was modified to permit the corporation to defend actions brought against it and "to pay such claims as are now pending against it." The corporation refused to levy an assessment or to pay anything under the certificate, and the beneficiary brought an action thereon. *Held,* that the injunction as modified did not permit the corporation to levy an assessment for the payment of the plaintiff's claim, and that a further modification to that effect should not be created by implication; and therefore, no assessment having been levied and the defendant not being in default for not having made the levy, it had committed no breach of the contract of insurance by not paying the plaintiff's claim, although the contract of insurance remained in force.

TWO ACTIONS OF CONTRACT by beneficiaries under death benefit certificates issued by the defendant, a frater..al beneficiary corporation incorporated in New York. Writs dated respectively February 11 and April 14, 1905.

The cases were heard together by *Aiken,* C. J., upon agreed statements of facts. The eighth ruling asked for by the defendant and given by the Chief Justice, as stated in the opinion, was as follows:

"In this particular instance, no assessment was or could be levied by reason of the injunction order; hence there is no mode of enforcing the collection of the assessment, and no mode of providing for payment of same, unless the defendant would wil-

fully disobey the injunction order, and thereby make itself and its officers liable for contempt of court."

The Chief Justice found for the plaintiff in each case in the sum of $690.50; and the defendant alleged exceptions.

The cases were submitted on briefs.

*D. A. Lourie, A. A. Ginzberg & M. Tobey,* for the defendant.

*C. H. Dow, J. E. Eaton & E. T. McKnight,* for the plaintiffs.

BRALEY, J.   The defendant is a foreign fraternal beneficiary corporation engaged in insurance conducted on the lodge system, with subordinate lodges in this Commonwealth.   It issued certificates of membership to Sarah Moshenz and Harris Supirior, in which, upon their death, if in good standing, the defendant promised to pay to their beneficiaries the sum of $500 when collected by assessments at the time and in the manner provided by the constitution and laws of the order.   But if one full assessment did not produce this sum, then the amount was not to exceed the proceeds actually realized.   The insured members have died and, due notice of their death having been given, the defendant has neglected to levy an assessment or to pay the claims, and these actions are brought by the beneficiaries to recover the maximum amount which it concedes would have been received had the assessment been laid.

The defendant's promise in the certificate, as well as by the first section of the fifth article of the laws, is to pay the amount of one assessment collected from members of the order by assessments to the respective lodges and, if not in default, it has the right to insist on the provisions of the contract.   No suggestion is found in the agreed facts that satisfactory proofs of death had not been furnished.   It is not affirmatively stated that the decedents had failed to pay or to tender all dues, assessments or taxes for which they were liable, nor is it contended that the plaintiffs should have resorted to a bill in equity for specific performance, and under the circumstances ordinarily an action at law could be maintained.   *Burdon* v. *Massachusetts Safety Fund Association,* 147 Mass. 360, 367.   *Dean* v. *American Legion of Honor,* 156 Mass. 435.   *Garcelon* v. *Commercial Travellers' Eastern Accident Association,* 184 Mass. 8.   29 Cyc. 211.

The principal defense is, that when the certificates matured the defendant, having been enjoined from transacting business

in this Commonwealth, could not lawfully levy the necessary assessments and there has been no breach. The injunction was granted under R. L. c. 119, § 19, upon proof that the defendant had violated §§ 7 and 8 of this chapter by appropriating a part of its death and emergency fund in payment of money lent to the corporation. But, if restrained "from prosecuting any business of such corporation within this Commonwealth until the further order of the court," it was not released from its contracts of insurance. *Commonwealth* v. *Barnstable Savings Bank*, 126 Mass. 526, 531. *Rice* v. *Barnard*, 127 Mass. 241. *Rosenbaum* v. *United States Credit System Co.* 32 Vroom, 543. *Decker* v. *Gardner*, 124 N. Y. 334. If interpreted as not embracing the claims in suit, which accrued after the proceedings were instituted and the injunction had issued, the only effect of the decree would be to restrain the solicitation of insurance in the future and the issuance of new certificates. Doubtless, as the information alleged, the defendant's condition was such "as to render its further proceedings in this Commonwealth hazardous to the public and to its certificate holders therein," yet the decree might have provided that, while new business could not be solicited, applications received or certificates issued, the defendant, in justice to its resident members, should be permitted to levy the necessary assessments and pay maturing death claims in accordance with the terms of outstanding certificates. The subsequent modifications of the injunction permitted the defendant to defend actions, and to "pay such claims as are now pending against it."

The decedents were members, and the plaintiffs cannot set up the illegal acts of the officers of the corporation, which is not estopped, even under the injunction as modified, to plead its incapacity to make payment. *Commonwealth* v. *Wetherbee*, 105 Mass. 149. *Kidder* v. *United Order of the Golden Cross*, 192 Mass. 326. *Trenton Mutual Life Ins. Co.* v. *McKelway*, 1 Beas. 133.

And the burden is upon the defendant to maintain this defense. *Ferguson* v. *Union Mutual Life Ins. Co.* 187 Mass. 8, 14. *Kidder* v. *United Order of the Golden Cross*, 192 Mass. 326, 336.

The defendant, the decedents and the plaintiffs during the continuance of the injunction were alike restrained by force of law from taking any steps in the performance of the mutual and

dependent stipulations of the contract and neither party could gain any advantage over the other. *Webb Granite & Construction Co.* v. *Worcester,* 187 Mass. 385, 390, 391, and cases cited. *Hill* v. *Baker,* 205 Mass. 303, 308. *People* v. *Globe Mutual Life Ins. Co.* 91 N. Y. 174. *Union Trust Co.* v. *Southern Inland Navigation & Improvement Co.* 130 U. S. 565.

The modification permitting the payment of claims now pending, although asked for by the informant, presumably received the defendant's assent. It apparently speaks only of the present, and the agreed facts are silent as to whether there were matured claims other than those of the plaintiffs'. If the defendant was unable to respond, the modification should have been so framed as to permit the necessary levies. It is not thus worded, and a qualification of such gravity, when viewed with the purpose of the information, should not be inserted by implication, where the terms of the decree are neither indefinite nor uncertain.

It is plain that the defendant, in performance of its contracts, was not empowered to levy assessments in the manner provided by its constitution and laws, but it received permission only to pay, at its option, from funds derived from other sources which could be lawfully appropriated for that purpose. To construe the record as authority for the levying of assessments would enable the defendant to resume the doing of business, in violation not only of the letter but of the spirit of the injunction.

The eighth ruling was right. But if prohibited from raising the money by assessment, there has been no breach of the contract as alleged in the declaration, and the defendant's request that upon all the evidence the plaintiffs could not recover should have been given. *Garcelon* v. *Commercial Travellers' Eastern Accident Association,* 184 Mass. 8. *Brann* v. *Marine Benefit Life Association,* 92 Maine, 341. *O'Brien* v. *Home Benefit Society,* 117 N. Y. 310, 318, 319.

*Exceptions sustained.*