WILLIAM T. ULMAN & others *vs.* SUPREME COMMANDERY OF THE UNITED ORDER OF THE GOLDEN CROSS OF THE WORLD.

Suffolk. November 18, 19, 1914. — March 1, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Of insurance, Validity. *Fraternal Beneficiary Corporation,* By-laws, Ultra vires. *Corporation. Insurance,* Life. *Waiver.*

A Massachusetts fraternal beneficiary corporation issued to a member a death benefit certificate which provided that it was issued and accepted upon condition that the member should comply in the future with the laws, rules and regulations then governing the benefit fund or that thereafter might be enacted by the corporation to govern that fund, and that the death benefit was payable only in accordance with and under the provisions of the laws governing that fund. A by-law of the corporation, not printed on the certificate, provided that no action or suit should "be brought or maintained in any cause or claim arising out of any membership, benefit certificate, or death of a member unless such action" were brought within one year from the time when such right of action accrued. The Massachusetts corporation and a similar corporation in another State made an agreement providing for a merger of the two and a

payment by the foreign corporation of all future claims against the Massachusetts corporation, and the benefit fund of the Massachusetts corporation was turned over to the foreign corporation. Thereafter the member, after having paid assessments to the foreign corporation under the agreement, died and proper proof of his death was made to the foreign corporation with a claim for the death benefit. Because of the pendency of a suit by another person which would determine certain questions as to the liability of the foreign corporation under the agreement of merger, no action was brought by the beneficiaries upon the certificate in question for more than a year. The foreign corporation did not assent to nor induce such postponement. *Held,* that the by-law fixing a limitation within which actions should be brought upon the certificate was reasonable and valid, that it was binding upon the beneficiaries under the certificate in favor of the foreign corporation, and that it had not been waived by that corporation.

An agreement by a foreign fraternal beneficiary corporation, made in carrying out the terms of an attempted merger with a similar Massachusetts corporation, to assume, without a new physical examination of the member by a physician, the liability of the Massachusetts corporation under the provision of a death benefit certificate issued to one of its members, is contrary to the provisions of a statute of the State where such foreign corporation was incorporated which makes it a misdemeanor punishable by a fine for such a corporation to admit a person to beneficial membership who has not been so examined; and such agreement is *ultra vires* and void and accordingly the beneficiaries under the certificate have no remedy against the foreign corporation.

CONTRACT by the beneficiaries named in a benefit certificate issued by the Supreme Council of the Home Circle (hereinafter called the Home Circle), a Massachusetts fraternal beneficiary corporation, to one William C. Ulman, the action being brought against the Supreme Commandery of the United Order of the Golden Cross (hereinafter called the Golden Cross), a fraternal beneficiary corporation organized under the laws of the State of Tennessee and authorized to do business in the Commonwealth of Massachusetts. Writ dated June 27, 1911.

The case was heard in the Superior Court by Raymond, J., upon a case stated, which included the following facts among others:

William C. Ulman, the deceased, joined the Home Circle on August 12, 1899, and received from the Home Circle the benefit certificate of insurance which is the basis of the present action. The certificate did not set forth expressly the by-law of limitation described in the opinion.

In the years 1906 and 1907 the Home Circle and the defendant made an agreement by which the Home Circle was to be merged with the Golden Cross, and members of the Home Circle

in good standing were to be admitted into the Golden Cross without medical examination with the assessment rate in force in the Home Circle and with a limitation of liability under the death benefit certificates to $2,000. In all other respects the contracts, agreements, and promises made by and between members of the Home Circle and the Supreme Council in force at the date when the Home Circle merged with the Golden Cross were to be of binding force and effect in the Golden Cross. On or about August 1, 1906, the subordinate councils of the Home Circle were organized as commanderies of the Golden Cross, and the benefit assessments, including those paid by William C. Ulman, were paid to the supreme treasurer of the Golden Cross. The assessments so paid were not mingled with the assessments received from Golden Cross commanderies, but were kept in a separate fund, and were used solely for the payment of death benefits accruing on certificates originally issued by the Home Circle.

On November 6, 1906, a bill in equity was brought in the Chancery Court of Knox County, Tennessee, by one Knapp and other members of the defendant against the Supreme Commandery of the Golden Cross and the Supreme Council of the Home Circle, seeking to have the attempted merger by agreement declared *ultra vires* and void, and to prevent such merger by perpetual injunction. Judgment was entered in that suit against the Home Circle *pro confesso* and on April 14, 1908, a final decree was entered sustaining the contentions of the plaintiffs, ordering an accounting, winding up the business attempted to be done by the merger, and forbidding the merger by perpetual injunction. The case was appealed to the Supreme Court of the State of Tennessee, and on November 30, 1908, that court rendered an opinion and judgment and entered a decree affirming the decree appealed from.

On December 23, 1908, the Home Circle went into a receiver's hands under an order of the Supreme Judicial Court of Massachusetts. The receiver intervened in the suit in Tennessee.

In the meantime, on March 8, 1908, William C. Ulman had died and his death was proved in proper form April 11, 1908.

The defendant asked for the following rulings:

"1. The general law of the Golden Cross that 'No action at law or in equity shall be brought or maintained in any court for

any cause or claim arising out of membership in the order, or upon any benefit certificate, unless the same is commenced within two years from the time when such right of action accrues; said right of action accrues when official notice of death is received by the Supreme Keeper of Records' is a valid law and regulation and is binding upon the plaintiffs and the insured, and is a bar to the present action; the cause of action, if there was one, having accrued April 11, 1908, and this action having been brought on June 27, 1911, judgment must be for the defendant.

"2. The law of the Home Circle that 'No action at law or in equity in any court shall be brought or maintained in any cause or claim arising out of any membership, benefit certificate or death of a member, unless such action is brought within one year from the time when such right of action accrues' is a valid regulation and is binding upon the plaintiffs and the insured, and is a bar to the present action; the cause of action, if there was one, having accrued April 11, 1908, and this action having been brought on June 27, 1911, judgment must be for the defendant.

"3. The law of the State of Tennessee, (being chapter 480 of the Acts of 1905) forbidding the admission into the defendant order of any person who has not been examined by a legally qualified practising physician, and whose examination has not been approved by the supervising medical authority of the association as provided by the law of the association is binding upon the defendant, a Tennessee corporation, and any attempted admission of William C. Ulman into the defendant order without medical examination (as was attempted) was invalid, void and of no effect, and consequently neither the said William C. Ulman nor his beneficiaries ever became entitled to any portion of the benefit fund of the defendant, and the judgment must be for the defendant."

"5. Upon the facts set out in the 'case stated,' the plaintiffs cannot recover, and judgment must be for the defendant.

"6. Upon all the evidence, the plaintiffs cannot maintain this action, and judgment must be for the defendant."

The judge refused to rule as requested and found for the plaintiffs in the sum of $2,464.36. The defendant alleged exceptions.

*W. H. Powers & W. Powers,* for the defendant.

*H. M. Williams,* (*A. U. Hersey* with him,) for the plaintiffs.

BRALEY, J.  The plaintiffs, who are the beneficiaries named in a benefit certificate issued to the intestate by the Home Circle, a fraternal beneficiary association organized under the laws of this Commonwealth, seek to recover the amount named in the certificate from the defendant, a corporation of like character chartered by the State of Tennessee.  The grounds of recovery as stated in the first and second counts of the declaration are, that by the consolidation between the respective corporations the defendant assumed and agreed to pay the amount, or that having accepted and treated the intestate until his death as if he were a member of its organization it is liable to the same extent as if it had issued the certificate.

We are of opinion that the action cannot be maintained on either ground.

While the defendant admits that all assessments were paid and due notice of death given, it has pleaded and relies upon a by-law of the Home Circle in force when the intestate joined, that "No action at law or in equity in any court shall be brought or maintained in any cause or claim arising out of any membership, benefit certificate, or death of a member, unless such action is brought within one year from the time when such right of action accrued."  But if at the date of the writ this period had long since expired, the plaintiffs contend that the by-law forms no part of the contract, or that if originally applicable it has been waived. The certificate, however, recites that it is issued and accepted upon condition that the member complies in the future with the laws, rules and regulations now governing the fund, or that hereafter may be enacted by the supreme council to govern the fund, and the death benefit is expressly declared to be payable only in accordance with, and under the provisions of, the laws governing the fund.

The by-law is not unreasonable.  It protects the fund from which death benefits are to be paid from stale claims which otherwise might be so delayed in presentation that satisfactory evidence as to their validity might be lost, as well as enables the order to meet death claims and to levy assessments promptly.

Nor has the by-law been waived.  The only excuse for the delay is explicitly stated to have been the desire on the part of the plaintiffs to ascertain the outcome of the litigation in *Timberlake*

v. *United Order of the Golden Cross,* 208 Mass. 411, before bring-
ing suit.  It does not appear that the defendant assented to the
postponement or in any way induced the plaintiffs to forbear
pressing their claim in the courts.  The essential elements from
which the intentional relinquishment by the defendant of the
right to rely on the by-law could be found are lacking.  *Schwarz*
v. *Boston,* 151 Mass. 226.  *Rand* v. *Hanson,* 154 Mass. 87.
*Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.*
185 Mass. 391.  *Paul* v. *Fidelity & Casualty Co.* 186 Mass. 413.
*Solari* v. *Italian Society of Columbus,* 211 Mass. 382.

⸱ It being settled that the plaintiffs are bound by the terms of
the contract which includes the by-law the second ruling requested
should have been given.  *Eliot National Bank* v. *Beal,* 141 Mass.
566, 567, 568.  *Reynolds* v. *Royal Arcanum,* 192 Mass. 150,
155.  *Attorney General* v. *Colonial Life Association,* 194 Mass.
527.

The attempted consolidation having been enjoined by a suit
in chancery against the defendant in the courts of its domicil, it
never has been perfected, and all the funds received from the
Home Circle or its members have been paid into court under the
decree, in the suit in equity in Tennessee, in which the receiver
of the Home Circle appointed by this court has intervened, and
the plaintiffs also have presented their claim.  It is not necessary
to determine whether the defendant under these circumstances
can be compelled to pay a claim, if otherwise valid, in violation
of the injunction.  *Moshenz* v. *Independent Order of Ahawas
Israel,* 215 Mass. 185.  It is true the intestate never became
a party to the suit in chancery, and that he executed a release
to the defendant in reduction of the amount named in the cer-
tificate, and has paid all assessments as they became due
on notice from the defendant's officers, without knowledge of
the fact that moneys received from members of the Home Circle
were kept distinct from moneys received from its own certifi-
cate holders.  If nothing more appeared there is evidence that
under the terms of the consolidation Ulman had been accepted
as a member by the defendant on the basis of the original
certificate as reduced by the release, and that by agreement of
all concerned the defendant had succeeded to, and assumed the
contractural obligations of the Home Circle.  *Griffin* v. *Cunning-*

*ham,* 183 Mass. 505. And the general finding for the plaintiffs might be permitted to stand under the second count in accordance with *Timberlake* v. *United Order of the Golden Cross,* 208 Mass. 411, and St. 1913, c. 716, § 1. But while we held in *Timberlake* v. *United Order of the Golden Cross,* that the attempted consolidation even if void did not relieve the defendant from liability upon the agreed facts then appearing, with such inferences of fact as the trial judge could properly draw, the case now stated shows that when, if ever, the intestate became a member of the defendant order, the laws of Tennessee found in St. of 1905, c. 480, § 7, among other restrictions prohibited the defendant from admitting to beneficial membership any person who had not been examined by a legally qualified practicing physician, and by § 36, violation of this provision by the defendant or its officers is made a statutory misdemeanor punishable by fine. The intestate, who never applied for examination, must be presumed to have known of this limitation. *Hotchkin* v. *Third National Bank of Syracuse,* 219 Mass. 234. *Pittsburgh, Cincinnati & St. Louis Railway* v. *Keokuk & Hamilton Bridge Co.* 131 U. S. 371.

If the negotiations and subsequent proceedings had been merely an abuse of its general powers unknown to the intestate, its want of authority to make the contract would not be a defence. *Timberlake* v. *United Order of the Golden Cross, ubi supra,* and cases cited. But the defendant, for the reasons stated, not being estopped from reliance on the statute, the third request should have been given.

The judgment for the plaintiffs accordingly must be reversed and judgment entered for the defendant. St. 1909, c. 236.

*So ordered.*